B. P. RIDDLE v. E. W. BUSH AND ANOTHER.

The title of a purchaser at a sheriff's sale does not rest upon the levy or the return upon the execution, and is not affected by any mere want of certainty in the entry or return made by the officer.

A purchaser at sheriff's sale is bound to show only a valid judgment, execution, and sheriff's deed; and although the levy be shown by the execution to have been defective, that is but an irregularity of the officer which will not defeat the title of the purchaser, if he is otherwise without fault.

However insignificant the price for which land was sold at sheriff's sale, the court cannot regard it as inadequate when the value of the land is not made to appear.

By the law in force in 1854, a judgment of a court of record, unless it had become dormant, was a lien upon all the real estate of the defendant within the county where it was rendered.

Where execution was issued on a judgment within twelve months after its rendition, and subsequent executions regularly from term to term thereafter, the judgment did not become dormant even though the executions, by order of the plaintiff, were returned without a levy.

But in cases of conflicting liens, a plaintiff, by ordering or consenting to the return of his execution without a sale, may well be held to have lost the benefit of his levy.

To ascertain whether a judgment is a lien upon the property of the defendant, third parties dealing with him must look to the entire record, and not merely to the return upon the execution levied upon the property.

APPEAL from Cherokee. Tried below before the Hon. R. A. Reeves.

The appellees, Edwin W. Bush and Jas. M. Jones, brought this suit of trespass to try title against the appellant, for the recovery of one hundred and eighteen acres of land. The respective titles of the parties are sufficiently stated in the opinion.

The sheriff's sale at which the plaintiffs purchased was had on the first Tuesday in July, 1856, when the land was struck off to them at one cent per acre. The levy was as follows: "Levied the within *fi. fa.* on 180 acres of land out of the Vaughn league, 350 acres out of the Vaughn league; also 125 acres out of the Walker league, together with other executions." The land in question was part of the Vaughn league.

The other facts are clearly indicated in the opinion of the court.

Verdict and judgment for the plaintiff. Motion for a new trial made and overruled.

*M. Priest*, for the appellant.

*Williams & Williams*, for the appellees.

MOORE, J.—This suit was brought by the appellees, Bush and Jones, against the appellant, Riddle, to try title to one hundred and eighteen acres of land, which both parties claim under Johnson and Dewberry, Bush and Jones claiming under a judgment, execution, and sheriff's sale, and Riddle by a regular chain of conveyance *inter partes* of an older date than the execution under which the land was sold, but subsequent to the judgment by virtue of which it was issued. The rights of the parties depend upon the validity of the sheriff's sale, and, if valid, whether the judgment lien upon the land had been lost as to purchasers from the defendants in execution, by the failure of the judgment plaintiffs in using due diligence to enforce it.

The sheriff's sale, it is insisted for appellant, should be held inoperative and void because of the vagueness and insufficiency of the levy and the inadequacy of the consideration for which it was sold. Neither of these objections can be made available in the present suit against appellees' title. Bush and Jones had no con-

nection with the judgment or execution under which the land was sold. If they were not *bona fide* and innocent purchasers, the contrary is not shown by the record. If, therefore, it were admitted that the levy was defective or even void, it would not affect their title. The right of a purchaser holding under a sheriff's deed does not rest upon the levy or the return upon the execution, and is not affected by any mere want of certainty in the entry or return of the officer. All that the purchaser is bound to show, is a valid judgment, execution and sheriff's deed; and though the levy is shown by the execution to have been defective, it is but an irregularity of the officer, which will not affect the title of the purchaser, who is without fault. (Coffee v. Silvan, 15 Tex. Rep., 354.)

The mere nominal price at which the land was sold, tends strongly to induce the belief, if in connection with the circumstances under which it was sold, as disclosed by the record, the real value of the land had been shown, the court might, on a proper application for this purpose, have set the sale aside on account of the gross inadequacy of the consideration for which it was probably made. But there is no proof in the record of the value of the land, and the court can not therefore say, however insignificant the price at which it was purchased may be, that it was not sufficient to support appellees' title.

We are also of the opinion that the lien of the judgment was not lost by the return of the execution after the levy, by the direction of the attorney of the plaintiff in execution. Judgments of a court of record, unless they are permitted to become dormant, operated as liens, by the statute then in force, upon all the real estate of the defendant in execution within the county in which they were rendered. An execution was issued on the judgment in question within less than a year from the time it was rendered, and regularly from term to term thereafter. This is sufficient diligence to prevent the judgment from becoming dormant, as has been held by this court, even if the executions had been returned without a levy by order of the plaintiff. (Graves v. Hall, 13 Tex. Rep., 379.) A plaintiff, by ordering or consenting to the return of his execution without a sale, might well

be held to have lost the benefit of his levy in cases of conflicting liens. But the statute at the time of this sale gave the judgment, while living, the effect of a lien, and it would seem to follow as a necessary consequence, that acts not done with a fraudulent intent, which do not affect its validity, could not be held to impair this statutory right. It is to the entire record that third parties, when dealing with the defendant in execution, must look to ascertain whether there is a judgment lien upon his property, and not merely to the return upon the execution.

There is no error in the judgment and it is therefore affirmed.

Judgment affirmed.