## Reese Hughes, Jr., v. J. M. Driver.

1. Agency—Pleading.—In an action of trespass to try title, the parties claimed from a common source, and the defendant pleaded *non est factum* to the elder deed, held by the plaintiff; replication that the deed was made by the wife of the grantor for herself and as agent for her husband, and his subsequent ratification: *Held*, That exceptions to the petition were properly overruled.

2. Title—Where plaintiff, in trespass to try title, in tracing title was compelled to show a judgment and his purchase of the land under it: *Held*, That without reference to the effect of the judgment as affecting the rights of parties to it otherwise than as a link in plaintiff's chain of title, the testimony was admissible.

3. Irregularities in order of sale.—An order of sale directing sale for gold and for ten per cent. interest on the judgment, when the decree required the collection of "dollars" and interest at eight per cent: *Held*, That the variances were but irregularities, and did not affect a sale made under the order of sale.

4. Evidence of entire record.—Where one party introduces a judgment, or any part of a record, the other party may read the remaining part of the record in evidence.

APPEAL from Cass. Tried below before the Hon. B. T. Estes.

The suit was instituted February 8, 1873, by appellee, J. M. Driver, as plaintiff, against Reese Hughes, Jr., appellant, and one Morgan Dees, as defendant, in the ordinary form of trespass to try title, with writ of sequestration, to recover the possession of one hundred and seventy acres of land. The said defendant Hughes replevied the property, and the defendant Dees disclaimed. Winston Banks, in his own right and as agent for John High, Reese Hughes, Jr., William P. Howell, Bettie, Mary, and Benjamin F. Hughes, intervened and claimed that they were the legal and equitable owners of the land sued for, and that the original defendants were their tenants, and answered by general exception and plea of not guilty.

Both parties deraigned title from a common source, one John R. White.

The plaintiff Driver claimed under deed purporting to have been executed to him by said John R. White and his wife, Nancy R. White.

The said Winston Banks filed a plea, under oath, in the nature of a plea of *non est factum*, that he believed said deed to have been a forgery. He further pleaded, that subsequent to the pretended execution of said deed two writs of attachment were sued out, one by Reese Hughes, Sr., and the other by the said John High, against said John R. White, and levied upon the land; upon which judgments were recovered and the land sold and purchased by the said Banks for himself and as agent for the other parties.

To this the plaintiff Driver replied, that said John R. White authorized the said Nancy to sell said land and execute said deed, and that she acted therein as his agent and delivered to plaintiff the possession of said land; that said White, continuously from thence, has recognized the validity and binding effect of said deed; that plaintiff continued in the possession of said land for several years, when he sold and

deeded the same to one Charlotte McDuffie, and received in part payment the note of her husband, Norman McDuffie; that he afterwards instituted suit on said note and to enforce the vendor's lien; that the said Charlotte and Norman McDuffie set up, as a defense thereto, failure of consideration, in this: that the said deed to plaintiff was executed without the authority of the said John R. White; and they also instituted suit of injunction against the said Driver, the said John R. and Nancy White, and the said Reese Hughes, Sr., and John High, plaintiffs in attachment, in the nature of a bill of interpleader, to compel said parties to adjust their respective claims to the land; that said suits were consolidated and judgment rendered for plaintiff J. M. Driver, and that said land be sold to satisfy the vendor's lien; and that at the sale the said plaintiff again became the purchaser.

The evidence under these issues was, substantially—

That the said John R. White was indebted to the said Driver in the sum of $600, and had left the county and gone to Southern Texas; that said Driver sued out an attachment against him, and, accompanied by Deputy Sheriff Meeks, went upon the place now known as the John R. White old homestead and there informed the said Nancy White that he would attach the property unless his debt was paid; that finally she agreed to sell him the place and certain stock in payment, stating that the said John R. White "had left her to sell out his stuff and come on after him"; that, acting for herself and as his agent, she, on October 30, 1865, in consideration of said indebtedness, executed said deed and delivered possession of the land. Said deed was attested by three witnesses, one of whom was Deputy Sheriff Meeks, by whom it was proven up for record, and who testified on the trial below that his statement in the certificate before the officer taking this proof, to the effect that he saw the said John R. White sign the same, was a mistake; that, in fact, the said White was not present.

The testimony further shows that said Driver remained in

possession of said land until the 14th of March, 1870, when he sold the same to the said Charlotte McDuffie; the institution of said suit by him against the said Charlotte and Norman McDuffie, March 23, 1871; the institution of said injunction suit by them against all said named parties, April 4, 1871; the order granting the writ of injunction, April 5, 1871; the acceptance of service of the same by the said Reese Hughes, Sr., and the said John High, April 7, 1871, and who subsequently answered by general and special exceptions and general denial, August 2, 1871; due service on said John R. White and wife, June 29, 1871; and the order consolidating said two suits, reciting that the same was done by consent, July 31, 1871.

It further appears in evidence that on the final trial in said proceedings, December 5, 1872, said Charlotte McDuffie appeared both for herself and as the administratrix of the said Norman McDuffie, then deceased; that judgment was rendered by default against the said John R. and Nancy White that they take nothing; and after reciting that the "remaining parties to the suit announce themselves ready for trial," upon verdict of a jury, judgment was rendered in favor of the plaintiff Driver against the estate of the said Norman McDuffie for the amount sued for, and, as against the said Charlotte, that said vendor's lien be enforced. There was no formal judgment as to the said Reese Hughes, Sr., or the said John High. On February 4, 1873, at the sale under this judgment, the plaintiff Driver became the purchaser.

The said attachments in favor of Reese Hughes, Sr., and John High were sued out and levied in May, 1870. Judgment thereon against said John R. White, who seems to have been served by publication, was rendered August 1, 1871, enforcing the attachment liens, and said land sold under orders of sale therein on November 7, 1871, at which the said Winston Banks, for himself and as such agent, became the purchaser. The testimony shows that the said Banks was attorney for Hughes and High in the said in-

junction suit; but whether the same was dissolved, or why this last-named sale was made pending said suit, is not definitely shown by the record. The defendant Reese Hughes, Jr., received the possession of said land from the said Charlotte McDuffie a short time before the sale under the decree against her enforcing the vendor's lien.

The suit now under consideration came on for trial September 6, 1877. A jury was waived and judgment rendered for the plaintiff Driver against defendant Reese Hughes, Jr., for the land, and against him and the sureties on his replevy bond for $725 as damages. The record does not show any adjudication whatever as to the other defendants. Motion for new trial overruled, and the defendant Reese Hughes, Jr., appealed.

*G. W. Todd,* for appellant.

BONNER, ASSOCIATE JUSTICE.— In this case we have not had the aid of brief or argument for appellant, and as a jury was waived, and hence no charge of the court, we are not advised by the record or otherwise what were the particular views of the judge presiding, either as to the question of law or the legal effect of the evidence adduced, further than is shown by the fact that judgment was rendered for the plaintiff below. Under these circumstances, our decision will not be as satisfactory as we would desire.

1. The first error assigned is that the court erred in overruling the general and special exceptions of defendant.

The pleadings of the plaintiff averred both the agency of Nancy R. White to sell the land and the subsequent ratification on the part of John R. White.

The legal effect of this, if true, was to give the plaintiff the superior title to the land, and its truth being admitted by the exceptions, it was not error to overrule them.

2. The second error assigned was in permitting the McDuffie judgment to be read in evidence by the plaintiff.

As neither this nor any other alleged error, as assigned, calls for a consideration of the legal effect of that judgment and the proceedings upon which it was based, as a ratification of the alleged sale by Nancy R. White, we give no opinion upon this question, but simply hold, in answer to the error as assigned, that under the issues in the case the judgment objected to was a necessary link in plaintiff's title, and as such it was not error in the court to admit it.

3. Neither are we prepared to say that the third alleged error—that the court permitted the order of sale issued on this judgment to be read in evidence when objected to because variant therefrom—is well taken.

The alleged variances which seem to be supported by the record are, that the order of sale required the money to be collected in gold, when the judgment called for dollars only; and that it required interest to be computed at the rate of ten per centum, when the judgment called for only eight per centum.

These were but irregularities, which, as a general rule, would have rendered the order of sale voidable, and not void, when collaterally attacked.

4. The fourth error assigned is that it was error to permit the service in the cases of Hughes and High *v.* White to be attacked.

The difficulty we have in the disposition of this alleged error is in the failure of the record to show the materiality of the evidence, being the original citations and the return of the sheriff, as affecting the final determination of the case.

The defendants having introduced in testimony the judgments, which were a part only of the record, by a familiar rule of evidence the plaintiff, in rebuttal, had the right to introduce the whole of it; and, in this view, the mere abstract fact that the citations were so introduced would not be error.

If the record had shown that said citations had been improperly introduced and were material as affecting the final disposition of the cause, then this would have been error for

which the judgment should be reversed. But as this is not apparent from the record, in the view we take of it, and as it is not otherwise shown, we do not find in this or other rulings of the court such manifest error as would override the general presumption in favor of the correctness of the judgment below.

5. The remaining errors assigned are so general as not to call our attention to any points not before considered, and the judgment below is accordingly affirmed.

Judgment affirmed.