J. A. FITCH AND JOHN N. HENDERSON V. MICHAEL BOYER.

1. JUDGMENT—EVIDENCE.—A domestic judgment of a court of competent jurisdiction, upon a subject-matter within the ordinary scope of its power and proceedings, is entitled to such absolute verity, that in a collateral action, even where the record is silent as to notice, the presumption, when not contradicted by the record itself, that the court had jurisdiction of the person also, is so conclusive that evidence *aliunde* will not be admitted to contradict it.

2. EVIDENCE—VARIANCE—EXECUTION.—A judgment under which a party claimed title was against Ben and Ann Hubert, and bore no interest. The execution offered in evidence, on the authority of the judgment, was against Ben and Anna Hubert, and referred to a judgment bearing ten per cent. interest: *Held*, That it was not improper to admit the execution in evidence, the irregularity of the execution not being sufficient to render it void when sought to be taken advantage of in a collateral proceeding.

3. LEVY—DESCRIPTION—DEED.—An imperfect description in the

indorsement of a levy, becomes immaterial when it is followed by the sheriff's deed, in which the property sold is clearly and correctly described.

4. DEED—INTERLINEATIONS—EVIDENCE.—When a deed, on the face of which interlineations appear, is filed with the papers of a cause after record and three days' notice given of its filing, it is admissible in evidence, notwithstanding interlineations on its face unexplained, unless an affidavit in the nature of a plea of *non est factum* has been filed. In the absence of such plea, the due execution of the deed will be conclusively presumed.

5. DEED—JOINT TENANT—TENANT IN COMMON.—Though a joint tenant or tenant in common cannot convey a specific portion of the joint estate to the prejudice of his co-tenant, such a deed is not absolutely void, and conveys such an interest as will enable the vendee to maintain an action against a trespasser.

6. TRESPASS TO TRY TITLE—EVIDENCE.—When, in trespass to try title, a deed is offered in evidence by plaintiff, in the usual form, except the words "in trust, as mentioned in a certain contract of even date herewith," and the defendant does not offer to show an interest under the trust deed, the deed is admissible. An outstanding equity cannot be pleaded in defense, unless a connection be shown by defendant with such outstanding equity.

7. REGISTRATION—DEED.—When a deed has been properly recorded, the subsequent removal or destruction of the records, without the fault of the party claiming under the deed, cannot prejudice his rights.

8. LIMITATION.—One who, being in possession of land, is driven from it by Indians, and resumes possession as soon as it is safe to return, cannot, in trespass to try title brought against him, compute the period of his absence under a plea of limitation.

APPEAL from Clay. Tried below before the Hon. J. A. Carroll.

Action of trespass to try title brought in the District Court of Clay county August 4, 1874, by M. Boyer against appellant Fitch, to recover the northwest half of a survey of one league and labor of land, in said county, patented to Benjamin Hubert, assignee of Peter C. Harness. On the 22d of May, 1877, appellant Henderson intervened in the suit. After various amendments by the appellants, the pleadings of appellant Fitch were as follows:

1. General and special exceptions to appellee's petition.

22

2. Not guilty.

3. Statute of limitation of three, five, and ten years.

4. Purchase in good faith from those through whom appellee acquired his title, without notice of appellee's claim.

5. Possession in good faith and improvements.

6. That appellee's title was void, because the judgment in a cause numbered 178 on the docket of the District Court of Cooke county, in favor of Cloud and Bostick against Benjamin and Anna Hubert, through which Boyer deraigned title, was rendered without said court having acquired jurisdiction over the defendants therein by service of process or otherwise.

7. That Chipman, the sheriff, was not authorized to sell the land in question under the judgment in said cause number 178 and the execution issued thereon.

8. He adopted all of the answers of appellant Henderson, and made them a part of his own answers.

The pleadings of appellant Henderson were as follows:

1. That he was the owner in fee-simple of the Harness league, by deed from Benjamin Hubert to his wife, Anna M. Hubert, and from said Anna M. Hubert to himself.

2. That he owned said Harness league through a sale made by Benjamin Hubert's administrator.

3. That anterior to the sales through which he claimed, Benjamin Hubert conveyed the Harness league to appellant Fitch, and, in order to protect said Fitch against any failure of title to the Harness league, said Hubert executed to said Fitch a conditional deed to an adjoining league in the name of Wiley Morse, and that he (Henderson) owned the estate of said Hubert in said Morse league, and therefore he claimed the right and assumed the duty of defendant Fitch in this suit, in order to protect his (Henderson's) interest in said Morse league.

4. That Chipman, who, as sheriff of Clay county, sold the Harness league under the execution issued in said cause number 178, through which sale appellee acquired his title, was not sheriff of said county, but a mere usurper.

5. That Albert Austin, who, as clerk of the County Court of Clay county, recorded the deed made by said Chipman, pursuant to said sale, in the record of deeds of said county, was not clerk, but a mere usurper; and that said record of said deed was not made in Clay county, but, if it was made at all, it was made in Montague county, and that he was a purchaser in good faith from the defendants in said cause number 178.

7. That at the time of the sale of the Harness league by said Chipman under the execution in said cause number 178, the county of Clay had never been organized, or if it had been organized, it had lost its organization by reason of the abandonment of the county by the settlers thereof.

8. That the Harness league was the separate property of Anna Hubert, wife of Benjamin Hubert, and that the District Court of Cooke county did not acquire jurisdiction of said Anna in said cause number 178, by the service of process or otherwise.

9. He adopted the sixth answer of appellant Fitch as above set forth, and made it a part of his own.

Upon these pleadings the cause was tried in the District Court of said county before a jury, and it resulted in a verdict and judgment for appellee, from which appellants prosecuted a joint appeal.

The assignments of error are stated in the opinion, except those which do not seem to have been insisted on.

The record is quite voluminous, but the foregoing, in connection with the opinion, will present the case.

*Hare & Head* and *John W. Henderson*, for appellants.

I. The court erred in admitting in evidence the transcript in cause number 178, Cooke county records.

The judgment offered in evidence was a judgment by default, and should not have been admitted, because it failed to show that the court rendering it had jurisdiction of the parties defendant.

The appellee proved that the original papers in the suit

anterior to the judgment were lost, and he offered no evidence to prove that the lost papers in said cause showed service, or that the defendants were served. (Thompson *v.* Griffis, 19 Tex., 116; DeWalt *v.* Snow, 25 Tex., 321; Burditt *v.* Howth, 45 Tex., 471.)

II. The court erred in admitting in evidence the transcript of the execution in case number 178.

In the caption of judgment offered, which is the only place where the names of defendants appear, they are stated to be Ben and Ann Hubert. The execution offered is against Ben and Anna Hubert.

The judgment bears no interest.

The execution refers to a judgment bearing interest at the rate of ten per cent. (Criswell *v.* Ragsdell, 18 Tex., 445; Shields *v.* Hunt, 45 Tex., 427; Parchman *v.* The State, 2 Court of Appeals, 229.)

The deed of the sheriff, offered in evidence by the plaintiff, appearing to have been interlined so as materially to alter and change its legal effect, before its admission by the court it was incumbent on the plaintiff to explain by evidence the alterations. (1 Greenl. Ev., sec. 564.)

III. The court erred in admitting in evidence the deeds from Garner and Thompson to Jacob Boyer, Jr.

The deeds in question conveyed an undivided one-half interest in the northwest half of the P. C. Harness league, and, under appellee's pleading in this case, simple action of trespass to try title, with no prayer for partition, could not be introduced in evidence over appellants' objection.

Appellee's petition set up claim to the northwest half of the P. C. Harness survey by metes and bounds. No prayer for partition.

The deed introduced by appellee from Thompson and wife to Boyer purported to convey "an undivided one-half of the northwest half of the Harness survey." And so with the deed from Garner to Boyer.

The deed to Garner and Thompson was of the entire survey.

Fitch showed title to the entire P. C. Harness survey.

The judgment of plaintiff was for land set out by metes and bounds, but entirely different, with one exception, in the length of the lines, from that set out in the petition. (McKcy v. Welch, 22 Tex., 390.)

The deed from Jacob Boyer to Michael Boyer disclosed that it was a trust deed, and ought not to have been admitted over appellants' objections. (Mann v. Falcon, 25 Tex., 271; Moreland v. Barnhart, 44 Tex., 275.)

The court erred in refusing to admit the evidence of Anna M. Hubert and J. C. Hubert to show that the judgment rendered in Cooke county was without service of notice of any character, and that Hubert and wife did not reside in Cooke county.

The evidence offered and excluded did not contradict the recitals in the judgment nor the record in case number 178 from Cooke county, and would have shown that said judgment was rendered without having obtained jurisdiction of the defendants, Ben and Anna Hubert, by service of process or otherwise, and was null and void, and was therefore improperly excluded by the court.

Defendants offered to prove, by the depositions of Mrs. Anna Hubert, that neither she nor her husband, Ben Hubert, was ever served with process in cause number 178 from Cooke county, and that no one was authorized to appear for them; that they resided at the time in Clay county and did not know of the suit in Cooke county; and defendants proposed to corroborate her by J. C. Hubert. The testimony of both was improperly excluded by the court. (Sutherland v. De Leon, 1 Tex., 250; Burditt v. Howth, 45 Tex., 470; De Walt v. Snow, 25 Tex., 320; McCoy's Heirs v. Crawford, 9 Tex., 356; Perdew v. Davis, 31 Tex., 490; Wilson v. Palmer, 18 Tex., 594; Witt v. Kaufman, 25 Tex. Supp., 386; Norwood v. Cobb, 15 Tex., 500; Harris v. Hardeman, 14

How., 339; Rorer on Jud. Sales, sec. 740; Goudy v. Hall, 30 Ill., 116; Johnson v. Wright, 27 Ga., 560; Gwin v. McCarroll, 1 S. & M., (Miss.,) 368.)

*W. O. Davis,* for appellee.

Appellants' objection to the admission of a transcript, because the names of the parties did not appear in the judgment, is not well taken. (Smith v. Chenault, 48 Tex., 457, 460; Luter v. Rose, 16 Tex., 53; Hays v. Yarborough, 21 Tex., 488.)

Judgments of the Districts Courts of this State support themselves, and in order to be admissible in evidence they need not show, otherwise than the judgment in question, that the court had jurisdiction of the defendant therein.

Appellants' last objection to said judgment, "that the judgment fails to show that the court rendering it had jurisdiction of the defendants," is not well taken. (Truehart v. McMichael, 46 Tex., 226; Freem. on Judg., sec. 132.)

The assignments of error relied on appear in the opinion.

In answer to second assignment, counsel cited Alexander v. Miller, 18 Tex., 897; Freem. on Ex., sec. 42, *et seq.;* Custard v. Musgrove, 47 Tex., 217; Shields v. Hunt, 45 Tex., 424; Rivers v. Foote, 11 Tex., 662.

In answer to third assignment, he cited Coffee v. Silvan, 15 Tex., 358; Riddle v. Bush, 27 Tex., 676; Freem. on Ex., 341.

On the fourth assignment, he cited Paschal's Dig., art. 3716; Veramendi v. Hutchings, 48 Tex., 553; 1 Phil. on Ev., 607; Greenl. Ev., sec. 564.

On the fifth assignment, he cited March v. Huyter, 50 Tex., 243; Dorn v. Best, 15 Tex., 64; 2 Phil. Ev., 491.

On the sixth assignment, he cited Croft v. Rains, 10 Tex., 524; Hagerty v. Scott, 10 Tex., 533; Greenl. Ev., sec. 572.

On the seventh assignment, he cited Shields v. Hunt, 45 Tex., 424; Burleson v. Burleson, 28 Tex., 383; Wright v. Thompson, 14 Tex., 558.

On the eleventh assignment, he cited Lawler's Heirs v.

White, 27 Tex., 250; Mitchell v. Meuley, 32 Tex., 464; Mc-
Creery v. Fortson, 35 Tex., 641; Freem. on Judg., secs. 116,
130–132, 150; 2 Am. Lead. Cas., 636; Howard v. North, 5
Tex., 297; Baxter v. Dear, 24 Tex., 17; Rorer on Jud. Sales,
465.

On the twelfth assignment, he cited Custard v. Musgrove,
47 Tex., 217; Shields v. Hunt, 45 Tex., 424; Rivers v. Foote,
11 Tex., 662; Flanagan v. Boggess, 46 Tex., 334; Tompkins
v. Toland, 46 Tex., 588.

The briefs were exhaustive, but their length precludes in-
sertion.

BONNER, ASSOCIATE JUSTICE.—The record in this case is
voluminous, and there are fourteen alleged errors assigned.
The first of these is, that the court erred in admitting in evi-
dence the transcript in cause number 178, Cooke county rec-
ords.

The proposition of appellants under this assignment is,
that the judgment offered in evidence was a judgment by
default, and should not have been admitted, because it failed
to show that the court rendering it had jurisdiction of the
parties defendant.

The eleventh error assigned is, that the court erred in re-
fusing to admit the evidence of Anna M. Hubert and J. C.
Hubert to show that the judgment rendered in Cooke county
was without service of notice of any character, and that Hu-
bert and wife did not reside in Cooke county.

The proposition of appellants under this assignment is,
that the evidence offered and excluded did not contradict the
recitals in the judgment nor the record in case number 178
from Cooke county, and would have shown that said judg-
ment was rendered without having obtained jurisdiction of
the defendants, Ben and Anna Hubert, by service of process
or otherwise, and was null and void, and was, therefore, im-
properly excluded by the court.

These two assignments and the propositions thereunder will be disposed of together.

The judgment, after reciting appearance of the plaintiffs by attorney, stated that the defendants failed to appear and answer, but wholly made default; then followed a judgment in the usual form as upon a liquidated demand. The names of neither plaintiffs nor defendants appeared in the body of the judgment, except as in the caption, as follows: "No. 178. Cloud & Bostick v. Ben Hubert and Ann Hubert." There was no recital of service on the defendants.

Whatever may be the hardship of the particular case, yet, upon considerations of public policy and from the weight of authority, we deduce as the true rule the proposition, that a domestic judgment of a court of general jurisdiction upon a subject-matter within the ordinary scope of its powers and proceedings, is entitled to such absolute verity, that in a collateral action, even where the record is silent as to notice, the presumption, when not contradicted by the record itself, that the court had jurisdiction of the person also, is so conclusive that evidence *aliunde* will not be admitted to contradict it. (Lawler v. White, 27 Tex., 250; Guilford v. Love, 49 Tex., 715; Galpin v. Page, 18 Wall., 350; Hahn v. Kelly, 34 Cal., 391; Hare & Wall. Notes to Mills v. Duryee and McElmoyle v. Cohen, 2 Am. Lead. Cas., 548; Freem. on Judg., sec. 124, and authorities cited in note 2.)

This is a different question from that in which the defect of jurisdiction over the person is sought to be shown on error or appeal. (Blossman v. Letchford, 17 Tex., 647; Burditt v. Howth, 45 Tex., 466.)

The second error assigned is, that the court erred in admitting in evidence the transcript of the execution in case number 178.

The material proposition under this assignment is, that the execution offered in evidence by plaintiff differed materially from the judgment in said case number 178, and should not have been admitted by the court.

It appears from the record, that in the caption of judgment offered, which is the only place where the names of defendants appear, they are stated Ben and Ann Hubert. The execution offered is against Ben and Anna Hubert.

The judgment bears no interest.

The execution refers to a judgment bearing interest at the rate of ten per cent.

These were irregularities, but not sufficient to render the execution void when sought to be impeached in a collateral proceeding. (Wyche *v.* Clapp, 43 Tex., 543; Smith *v.* Chenault, 48 Tex., 455; Hughes *v.* Driver, 50 Tex., 175.)

The third error assigned is, that the court erred in admitting in evidence the levy entered upon said execution.

Appellee introduced in connection with the execution in cause number 178, heretofore mentioned, the sheriff's return thereon, including the levy.

Appellants objected to the admission of the levy, for the reason that it was void, because it did not designate the land levied on with any certainty.

The return on the execution merely recited that it came to hand July 1, 1861, and executed by levying on a league and labor of land, and selling the same according to law on the 6th day of August, 1861, for $200.25, and was signed by Sut Chipman, sheriff of Clay county.

The sheriff's deed, however, was in the usual form, and was dated August 6, 1861. It was signed by Chipman as sheriff of said county, and recited that he, by virtue of the execution in cause number 178, (describing it correctly,) on the 5th day of July, 1861, levied on and seized all the right, title, estate, and interest of Benjamin Hubert and Anna Hubert, the defendants therein, in or to one league of land situated on Red River, in Clay county, above Little Wichita, located by virtue of certificate issued to Peter C. Harness, number $\frac{2268}{2369}$, giving a full description of the land, just as it is described in the patent and petition.

Mr. Freeman, in his work on Executions, sec. 281, says

that those authorities are based on sound principles which hold that an imperfect description in the indorsement of the levy becomes immaterial when it is succeeded by a notice of sale and officer's deed, in both of which the property sold is clearly and unmistakably designated.

It has been decided by this court, that the title of the purchaser holding under a sheriff's deed not only does not rest upon the entry of the levy or the return upon the execution, but that, under our statute, it is not affected by any want of certainty in the return of the officer. All that the purchaser was bound to show was a valid judgment, execution, and sheriff's deed, and that though the entry of the levy and return appearing upon the execution may have been defective, it is but an irregularity of the officer, which will not defeat the title of a purchaser who is without fault. (Coffee *v.* Silvan, 15 Tex., 362; Riddle *v.* Bush, 27 Tex., 675; Howard *v.* North, 5 Tex., 290.)

The fourth error assigned is, that the court erred in admitting in evidence the sheriff's deed.

Appellants objected to its admission on account of material interlineations on the face of the same. The original deed is not sent up with the transcript, so that we can, by an actual inspection, see the alleged interlineations, whether material, made in the same handwriting, with the same kind of ink, &c.; but the transcript purports to show the words interlined, by lines drawn around them. From this it appears that without the interlineations the deed would describe a judgment and execution against Benjamin Hubert and recite a sale of his interest in the Harness league, Ann Hubert's name not occurring in the deed. But with the interlineations the deed describes a judgment and execution against Benjamin Hubert and Anna Hubert and recites a sale of their interest in the Harness league, the words "and Anna Hubert" being interlined after Benjamin Hubert as often as it occurred. The deed was acknowledged for record September 14, 1861; was duly registered in Clay county March 2, 1862; and more

than three days before the trial appellants waived notice and filing of the deed, and agreed that it occupy the same position as a deed duly filed and notice thereof given. Appellee introduced no evidence explaining the interlineations, and appellants none to cast suspicion upon them, nor did they file any affidavit of forgery.

We are of opinion that the common-law rule, by which, in certain cases, it is incumbent upon the party who offers a deed in evidence to explain material alterations apparent upon the same, does not apply when the deed is duly offered under our statute, which permits it when recorded to be read in evidence, after having been filed with the papers of the cause and three days' prior notice thereof given. (Paschal's Dig., art. 3716.)

This statute permits its introduction under such circumstances, unless an affidavit in the nature of a plea of *non est factum* is made. A material alteration without the consent of the grantor would be sufficient ground for such affidavit; and if the same has not been made, the due execution of the deed is so conclusively presumed as not to require evidence explaining such alteration.

The fifth error assigned is, that the court erred in admitting in evidence the deeds from Garner and Thompson to Jacob Boyer, Jr. The material proposition made by appellants under this assignment is, that the deeds in question conveyed an undivided one-half interest in the northwest half of the P. C. Harness league, and, under appellee's pleading in this case, simple action of trespass to try title, with no prayer for partition, could not be introduced in evidence over appellants' objection.

In support of this proposition, appellants cite the case of McKey *v.* Welch, 22 Tex., 390, to the effect that one joint tenant or tenant in common cannot convey a specific part of the estate so as to bind or prejudice his co-tenant.

The effect of this decision is, that such deeds should not prejudice the right of co-tenants; not that they were so abso-

lutely void that third parties not claiming under them could raise this objection.   (March *v.* Huyter, 50 Tex., 243.)

Appellants, in their brief in reply to appellee's motion and brief to advance the cause, pretermit the sixth, eighth, ninth, and tenth errors assigned, and they will not be considered.

The seventh error assigned is, that the court erred in admitting in evidence the deed from Jacob Boyer, Sr., to Michael Boyer.   The deed was in the usual form, except that the words "in trust, as mentioned in a certain contract of even date herewith," occurred after the name of the grantee in the granting clause.   The contract referred to was not produced or accounted for.   To the admission of this deed appellants objected, "because it disclosed a trust on its face."

The appellants did not offer to show that they held under this trust deed.   It has been held by this court, that an outstanding equity in the land sued for in trespass to try title cannot be pleaded in defense, unless a connection by the defendant with such outstanding equity be shown.   (Shields *v.* Hunt, 45 Tex., 424; Johnson *v.* Timmons, 50 Tex., 521.)

The twelfth error assigned is, that the court erred in the third subdivision of the charge given to the jury.   The deed from Sut Chipman, sheriff of Clay county, to Cloud and Bostick, made pursuant to the sale of August 6, 1861, after being duly acknowledged, was filed for record in the office of the clerk of the County Court of Clay county on December 28, 1861, and was registered March 2, 1862, in book A of the record of deeds for said county.   The only proof tending to show that the records of deeds were moved from Clay county, is that late in the fall of 1862 the county was abandoned by the settlers thereof in consequence of Indian depredations and remained unsettled for several years thereafter, and that in the spring of 1873 all of the records of Clay county were burnt in the court-house of Montague county.

Appellant Fitch proved that on the 19th of October, 1863, he bought the Harness league from Benjamin Hubert without any actual notice of the sheriff's sale of August 6, 1861,

and paid Hubert $8,000 in Confederate money for the land, and that Hubert on the same day executed to him a deed for the land with general warranty. The court charged, that the removal or destruction of the records of the county of Clay after the record of the sheriff's deed, if the same was actually recorded, would not affect the rights of appellee, and that appellants could not take any advantage by reason of such destruction or removal. Appellants specially excepted to this charge.

We are of opinion, if the deed was properly recorded, that the subsequent removal or destruction of the record, without the fault of the party claiming under the deed, should not prejudice his rights. (Throckmorton *v.* Price, 28 Tex., 605; Wade on Notice, sec. 150.)

The appellants submit under this assignment the further proposition, that if the deed was recorded at any other place than the county-seat of Clay county, such record would not be sufficient to charge appellant Fitch with constructive notice. Whether it was thus recorded or not, was substantially submitted by the court in the charge to the jury, and we do not feel authorized from the evidence to disturb their verdict in favor of its proper registry.

The thirteenth error assigned is, that the court erred in refusing charges asked by appellants.

They submit the following proposition under this assignment: "The court should have defined the nature of the possession or occupation necessary to start the statute of limitations."

John A. Fitch testified that he went on the land in suit in October or November, 1870, and took formal possession of it, carrying building material and farming utensils; he staid upon the land about three days, when he was run off by the Indians; that he left with the intention of returning, and did return as soon as it was safe for him to do so, which was in the fall of 1871. This suit was instituted on the 4th day of August, 1874.

To complete the bar of the statute, a portion of the time during which appellant Fitch was thus absent must be added to that intervening after his return and before suit brought.

We do not think, under the circumstances as presented by the record, that he had such actual, continuous, adverse possession as was contemplated by the statute, and hence there was no error in the refusal of the court to charge the jury upon the question.

This is also an answer to the first proposition of appellants to the fourteenth error assigned, that the court erred in refusing to grant a new trial, which presents the same point.

Their second proposition under this last assignment is, that the jury, under the evidence, should have found for them, on the ground that at the time of the execution sale Chipman was neither *de jure* nor *de facto* sheriff of Clay county.

Whether he was such sheriff, was submitted by the court to the jury under the second subdivision of the charge, and the testimony upon this issue was conflicting. Under the circumstances, by the rules of practice which govern this court, we are not authorized to disregard the finding of the jury.

The third proposition under this assignment, that the land described in the judgment as being the northwest half of the Peter C. Harness league is not the same as that sued for, is, in our opinion, not well taken. The plaintiff sues for the northwest half of this league. The field-notes of the whole league are set out in the petition. The judgment first recites these field-notes, and then also describes by field-notes the northwest half sued for.

There being no apparent error in the record, the judgment below is affirmed.

AFFIRMED.