### W. M. SNEED v. C. F. TOWNSEND ET AL.

#### (No. 3246.)

JUDGMENT — ACQUIESCENCE — RATIFICATION. — Acquiescence in a judgment does not necessarily constitute ratification.

CHARGE — FRAUDULENT INTENT. — A charge is erroneous which makes the fraudulent intent conclusive against plaintiff, where defendant is not influenced by the fraudulent acts.

APPEAL from Coryell county.   Opinion by WATTS, J.

STATEMENT. — Sneed owned a tract of six hundred and forty acres of land in Coryell county, upon which he was residing with his family. Hammack held a note against him for about $500, part of the purchase money of the land. Townsend recovered a judgment against Sneed and another for over $2,200 in the district court of that county, and had four hundred and forty acres (excess over homestead) of the tract sold under execution upon that judgment, and Townsend purchased the same. Subsequently Hammack sued Sneed on the purchase-money note, and obtained judgment against him and foreclosed the lien. An order of sale was issued on this judgment and the whole tract was sold and purchased by Townsend. Sneed brought this suit August 30, 1875, against Townsend and Hammack to set aside and vacate the Hammack judgment, to enjoin the sheriff and Townsend from ejecting him from the land, and to remove cloud from title, offering to tender the money paid by Townsend on the Hammack sale if required by the court, etc.

The ground that he sought to vacate the judgment upon was, that while the return of the officer upon the citation imported service, that in truth and in fact he had never been served and knew nothing about this suit; that he was the head of a family, occupying the land as his homestead; that the land was sold for about $500, when it was of the actual value of $2,000.

Appellees denied the averments of the petition as to the want of service, and asserted acquiescence and ratification

upon the part of Sneed, etc. The cause was tried October 14, 1875, and resulted in a verdict and judgment for the defendants, from which this appeal was taken. The main error relied on is that the court erred in the charge given at request of appellees.

After submitting to the jury certain special issues and instructions upon the law applicable to them, the court, at the request of appellees, gave the jury the following charge: "If the judgment of J. W. Hammack is valid upon its face, and the execution issued upon it, under which the land was sold, is regular, and Sneed acquiesced in the judgment and sought to gain an advantage thereby against Townsend, then it makes no difference whether Townsend was influenced to make the purchase by the representations and conduct of Sneed or not, if the jury believe from the evidence that Sneed was actuated by a fraudulent intent." To which the court appended the following: "The foregoing instruction is given; and if the jury find under this instruction they will find a general verdict for defendant, and need not answer the issues submitted by the court."

OPINION.— Appellant's position is that this charge is erroneous, and obviously the verdict was the direct result of this error. If the facts as alleged by appellant be taken as true, then the Hammack judgment was voidable only, and was susceptible of being ratified or confirmed. 51 Tex., 344; 54 Tex., 543; 8 Tex., 80.

Sneed could have, notwithstanding the irregularity complained of, so ratified and confirmed the Hammack judgment as to have thereafter precluded himself from questioning its binding force. But acquiescence would not necessarily constitute ratification; and whether or not there had been such an acquiescence in this judgment by Sneed as to make it a ratification upon his part is a question of fact that should be submitted by the court to the jury. Considering the conflicting character of the evidence, the form and phraseology of the charge, and its pointed con-

clusions, in which the existence of a fraudulent intent is made the turning point in the case, it appears that the jury were controlled, and very likely misled, by this charge.

In our opinion the charge of the court was erroneous in the particulars indicated, and the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.