### M. M. COLLINS ET AL. v. J. J. HINES ET AL.

#### No. 1610.  Decided January 23, 1907.

**1.—Execution—Irregular or Void—Name of Plaintiff.**

An execution from Justice Court which left blank, in the body of the instrument, the name of the plaintiff recovering judgment, but was endorsed with the style of the suit showing, the name of the plaintiff and that of defendant, was not void, but merely irregular; sureties of the constable who levied same on exempt property may be held liable as for an act done under color of process. (Pp. 305, 306.)

**2.—Same—Indorsement.**

The indorsement of the style of a case on the writ may be looked to in order to ascertain the name of the plaintiff in judgment which is omitted in the body; and where it shows but one party as plaintiff and one as defendant, will be sufficient to identify the judgment as in favor of the plaintiff named. (P. 308.)

**3.—Same—Cases Distinguished.**

This case, distinguished from Cleveland v. Simpson, 77 Texas, 96 (misdescription of judgment in an execution), and from Capps & Cantey v. Leachman, 90 Texas, 499 (failure of writ to specify the person out of whose property the judgment is to be made). (Pp. 307, 308.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Johnson County.

*W. D. McKay* and *Ramsey & Odell*, for appellant.—The sureties upon a constable's bond are not liable, as such, for damages caused by the unlawful levy by the constable of an execution which is void upon its face. Jones v. Hess, 48 S. W. Rep., 46; Baughn v. Allen, 73 S. W. Rep., 1063; State v. Timmons, 90 Md., 10, 78 Am. St. Rep., 417; McLendon v. State ((Tenn.), 21 L. R. A., 738; Barnes v. Whitaker, 45 Wis., 204; 25 Am. & Eng. Ency. (2d ed.), 724, note 11; Stearnes on Suretyship, p. 318, citing Turner v. Collier, 4 Heisk., 89; McLendon v. State, 92 Tenn., 520, 22 S. W. Rep., 200; Cornell v. People, 37 Ill. App., 490; Gerber v. Ackley, 32 Wis., 233, 19 Am. Rep., 751; State v. McDonough, 9 Mo. App., 63.

An execution which does not state the name of the plaintiff in

the judgment, or in whose favor the judgment was rendered, does not comply with the provisions of the statute requiring it to correctly describe the judgment and to state the names of the parties, and is therefore void. Rev. Stats., art. 1658; Rev. Stats. art. 1665; Rev. Stats. art. 2338; Capps v. Leachman, 90 Texas, 499; Jones v. Hess, 48 S. W. Rep., 46; Burleson v. Henderson, 4 Texas, 49; Norvell v. Garthwaite, 25 Texas, 584; Owsley v. Paris Bank, 1 Posey, 95; Heath v. Fraley, 50 Texas, 209; Durham v. Betterton, 79 Texas, 223; Pruitt v. State, 92 Texas, 434; Farmers Bank v. Lancaster Bank, 4 Ky. L. Rep., 451.

*John B. Warren,* for appellee.—An execution issued out of the Justice Court, which omits the name of the plaintiff in the body of the writ, and commands the constable to have the said moneys, together with this writ at my office, in Precinct No. 1, Johnson County, and signed by J. H. Hayes, Justice of the Peace, and indorsed "No. 19, Justice Court, Precinct No. 6, Johnson County, Texas, Eli Norris v. Jethro Hines, Execution issued this the 18th day of September, 1900. J. H. Hayes, Justice of the Peace," taken in connection with parol testimony that J. H. Hayes was justice of the peace of Precinct No. 6, Johnson County, Texas, and his office was in Burleson in said precinct, is not void, but only voidable or irregular and is not subject to collateral attack by those not parties to it. Freeman on Executions, secs. 42, 43; McGuire v. Galligan, 53 Mich., 453; Irvin v. Ferguson, 83 Texas, 493; Barnes v. Nix, 56 S. W. Rep., 204; Fitch v. Boyer, 51 Texas, 336; Jackson v. Friday, 40 S. W. Rep., 429; Stephens v. Turner, 9 Texas Civ. App., 627.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the Fifth District as follows:

In the above entitled cause the following issues of law arise, which this court deems it advisable to present to the Supreme Court of the State of Texas for adjudication.

"Eli Norris sued and recovered a judgment for $24 against Jethro Hines in a Justices' Court of Johnson County. By virtue of this judgment an execution was issued which reads:

"To the sheriff or any constable of Johnson County, Greeting: Whereas, on the 9th day of October, A. D. 1899, before me, a justice of the peace in and for the County of Johnson ———— having recovered a judgment against Jethro Hines for the sum of $24 and all costs of suit, with interest on same at the rate of six percent per annum.

"Therefore you are commanded that of the goods and chattels, lands and tenements, of the said Jethro Hines you cause to be made the said sum of $24 and all costs in said case, ———— dollars, with interest thereon from the 9th day of October, 1899, at the rate of six percent per annum, together with the sum of $5.20 costs of suit and further costs of executing this writ.

"Herein fail not and have you the said moneys, together with this writ at my office, in Precinct No. 1, Johnson County, within sixty days from date hereof.

"Given under my hand this 18th day of September, 1900.

J. H. Hayes, Justice of the Peace.

Vol. C. Supreme—20.

"The endorsement on the back of the execution is as follows: "No. 19, Justice Court Precinct No. 6, Johnson County, Texas, Eli Norris v. Jethro Hines. Execution issued this, the 18th day of September, 1900. J. H. Hayes, Justice of the Peace.' The officer's return on the writ is as follows: 'Came to hand this, the 18th day of Sept. —— at —— o'clock and executed the 20th day of October, 18—— at —— o'clock by G. S. Mercer.' " This execution was levied by the constable on certain exempt property, and the said Jethro Hines, defendant in execution, sued the constable and the sureties on his official bond to recover damages arising to him by reason of said levy. A judgment was rendered against the constable and his sureties. On appeal to this court the judgment as to the sureties was reversed and rendered and the case is now pending on rehearing. It will be noted that in the body of the execution the name of the plaintiff is nowhere mentioned, but the number and style of the case is endorsed on the back thereof.

"Question: Does the omission of the plaintiff's name render the execution void so as to relieve the sureties of liability for the constable's actions in levying it, or does the endorsement of the names of the parties on the back of the execution render it only irregular and make the execution valid so as to make the sureties liable for the levy?"

We think the facts mentioned in the question render the execution only irregular and not void.

The statute prescribing the requisites of an execution provides that it shall correctly describe the judgment, stating, among other things, the names of the parties. When we look at the nature of the various requirements in the statute we at once see that it was not intended to make compliance with each and all of them essential to the validity of the writ, although all are prescribed in language in form imperative. The former decisions of this court are inconsistent with the view that such was the intention.

In Irvin v. Ferguson (83 Texas, 491), the execution, issued upon a judgment rendered in favor of a number of plaintiffs, recited a judgment in favor of "John R. Bevil, et al.," and failed to follow the statute in several other particulars. The reported briefs of the counsel for appellants in that case show that one of their contentions was that the statute is mandatory and that the failure to comply with its requirements rendered the writ void; but the court, speaking through Chief Justice Stayton, on page 494, said: "Such noncompliances with the statute may be deemed only irregularities, but they are such as may well excite doubt in the minds of persons desiring to purchase as to the validity of the process," and, on page 495: "We are not prepared to hold that any of the irregularities referred to would render the execution and sale under it void." When that opinion is read in full it becomes evident that the court held that the right of the appellants was, not to treat the execution and sale as void, but to attack and set them aside because the irregularities in them had caused the sacrifice of their property for an inadequate price. The careful discussion made of the latter proposition as well as the relief ordered, would have been wholly unnecessary and out of place but for the conclusion that the proceeding was not void.

Other cases in which variations from the statute have been held not to invalidate executions are: (Fitch v. Boyer, 51 Texas, 336; Hughes v. Driver, 50 Texas, 175; Williams v. Ball, 52 Texas, 610; Graves v. Hall, 13 Texas, 382.)

Most, if not all, of the last cited decisions passed upon executions issued before the introduction into the Revised Statutes of the provisions prescribing the requisites of executions; but a review of the history of the subject, as shown in the opinions of this court, leads to the conclusion that, since the adoption of a form for such writs by the Act of 1839, which was soon repealed, they have been issued substantially in that form, which embraces all of the features mentioned in the Revised Statutes, and that these last are merely a codification of the law as previously established. (Lockridge v. Baldwin, 20 Texas, 307.)

Says Mr. Freeman: "The object of these statutes is to enumerate the substantial elements of the writ, rather than to command adherence to a prescribed form. A writ of execution is simply an authorization proceeding from and directed to some competent authority, by which the former requires the latter to do some act. To accomplish its purpose, it must necessarily state with certainty the act to be done. Whenever a writ shows the authority whence it proceeded, and is directed to an officer competent to execute it, giving directions sufficient, if followed, to result in the proper execution of the judgment, we apprehend that it will be almost uniformly upheld; and that, instead of requiring unusual strictness from justices of the peace, the writs of those officers will be granted unusual indulgence. Hence, when by statute an alias execution issued by a justice is required to have appended to it a copy of the return made on the former writ, the failure to append such return is a mere irregularity rendering the execution voidable, but not void."

It can not, therefore, be said that everything mentioned in the statute is to be treated as vital. Some of the specified features are essential, for without them no writ could exist. For instance, according to the generally received opinion, the writ must connect itself with the authority under which it is issued and hence must identify the judgment which is to be enforced by it; and such a writ can not be supported by a judgment found to be in existence when it describes an essentially different one. Then, in Cleveland v. Simpson (77 Texas, 96), an execution described the judgment upon which it was issued as being in favor of Cleveland when that relied on was in favor of a firm composed of Cleveland and another. It was upon the misdescription the decision rested. The execution recited a judgment differing materially from that produced. The difference between that case and Irvin v. Ferguson is that in the latter case there was no variance between the judgment recited in the execution and the judgment produced, but merely a lack of fullness of description in the recitals of the writ. Nor is there, so far as appears, a variance in this case between the writ and the judgment. The distinction between these decisions shows that a mere failure to state the names of·all of the parties in whose favor the judgment has been rendered does not necessarily nullify the writ, and that there may be a sufficient description of the judgment although there be lack of fullness in the matters mentioned by the statute. But, besides a description of the judgment, it is essential that the writ show against

whom it is to operate. Without the command to take the property of a named person the officer has no authority to take that of any one. Without this command there is no writ; and without the name of the person whose property is to be taken there·is no command. Hence the decision in the case of Capps & Cantey v. Leachman (90 Texas, 499)., in which no name was given in this part of the paper, could not have been otherwise than that·it was void. The recitation of the fact that a judgment had been rendered in favor of Capps & Cantey against Leachman could not supply the defect, because neither· the judgment nor the recital of it, but only the command of the officer of the court authorized to issue the writ, could give authority to take property to satisfy it. Nor could any endorsement in the writ supply the command.

Now it may be assumed that it is essential to the validity of an execution that it show the party or parties in whose favor the authority is to be exercised; but this requirement is not, like that as to the mandate of the writ, that the name of the party plaintiff must appear at any particular place or in any particular order. It should appear in the description of the judgment, but where that shows the court the date, the amount of judgment and the party against whom it was rendered, the only particular wanting is the name of the party in whose favor it was rendered. When that is supplied by the usual endorsement, showing the style and number of the cause, all of the information needed by the officer or the defendant is furnished. We can not agree to the proposition that, in order to supply omissions like that in question, endorsements on the writ may not be looked to. To give the number and style of the cases in which papers are filed or issued, such endorsements are well nigh universally made and consulted. No person seeking the name of the plaintiff in an execution and not finding it in the face of the writ would fail to look at the endorsement. These endorsements are not required by statute, but they have always been in use and there is nothing to forbid their use. It is not proper, of course, to leave to them that which should be stated in the face of a writ and some things can not be thus supplied; but when we find a blank in the face of the process where the name of the plaintiff ought to appear, we naturally look for that name where it is generally to be found, in the style of the case on the back of the paper. It is urged that even when the present endorsement is consulted we can not see that the judgment was in favor of Norris because the writ fails to state that the judgment was in favor of the plaintiff when .it might have been in favor of an intervenor or codefendant. But the answer is that but two parties are stated and the meaning of the writ, when the endorsement is considered, is that the judgment is against Hines and therefore must be in favor of Norris. If the judgment were produced and should appear to be different, the execution might be void on account of variance as in Cleveland v. Simpson. But when all that appears from the writ is considered, as in our opinion it should be considered, it sufficiently recites a judgment in favor of Norris and against Hines to save it from being regarded as void. Upon this precise point the opinions of the courts of Alabama and Michigan, both speaking through eminent jurists, conflict; and we regard the view of the Mich-

igan court as the sounder. (McGuire v. Galligan, 53 Mich., 453; Cooper v. Jacobs, 82 Ala., 411.)

The statement of the name of the party whose demand is to be satisfied by such a writ can only be necessary in order to give information essential to its proper execution and to the satisfaction of the judgment and when that is furnished, although irregularly, the process ought not to be held void.