## W. M. SNEED v. C. F. TOWNSEND ET AL.

SUPREME COURT, AUSTIN TERM, 1882.

*Judgment—Acquiescence—Ratification.*—Acquiescence in a judgment does not necessarily constitute ratification. Whether there has been such an acquiescence as amounts to ratification is a question of fact for jury.

*Fraudulent Intent—Charge.*—A charge is erroneous which makes the fraudulent intent conclusive against plaintiff, where defendant is not influenced by the fraudulent acts.

Appeal from the District court of Coryell county.—Sneed owned a tract of 640 acres of land in Coryell county, upon which he was residing with his family. Hammack held a note against him for about $500, part of the purchase money of the land. Townsend recovered a judgment against Sneed and another for over $2200, in the district court of that county, and had 440 acres (being the excess over the homestead) of the tract sold under execution upon that judgment, and Townsend purchased the same. Subsequently Hammack sued Sneed on the purchase money note, and obtained judgment against him and foreclosed the lien. An order of sale was issued on this judgment and the whole tract was sold and purchased by Townsend.

Sneed brought this suit August 30, 1875, against Townsend and Hammack, to set aside and vacate the Hammack judgment, to enjoin the sheriff and Townsend from ejecting him from the land, and to remove cloud from title, offering to tender the money paid by Townsend on the Hammack sale if required by the court, etc. The ground that he sought to vacate the judgment upon, was, that while the return of the officer upon the citation imported service, that in truth and in fact he had never been served, and knew nothing about the suit. That he was the head of a family, occupying the land as his homestead. That the land was sold for about $500, when it was of the actual value of $2000.

Appellees denied the averments of the petition as to the want of service, and asserted acquiescence and ratification upon the part of Sneed, etc.

The cause was tried October 14, 1875, and resulted in a verdict and judgment for the defendants, from which this appeal was taken. The main error relied on is that the court erred in the charge given at request of appellees.

Opinion by Watts, J.—After submitting to the jury certain special issues and instructions upon the law applicable to them, the court, at the request of appellees, gives the jury the following charge:

"If the judgment of J. W. Hammack is valid upon its face, and the execution issued upon it, under which the land was sold, is regular, and Sneed acquiesced in the judgment and sought to gain an advantage thereby against Townsend, then it makes no difference whether Townsend was influenced to make the purchase by the representations and conduct of Sneed or not, if the jury believe from the evidence that Sneed was actuated by a fraudulent intent."

To which the court appended the following:

"The foregoing instruction is given, and if the jury find under this instruction, they will find a general verdict for defendant, and need not answer the issues submitted by the court."

Appellant's proposition is that this charge is erroneous, and obviously the verdict was the direct result of this error.

If the facts as alleged by appellant be taken as true, then the Hammack judgment was voidable only, and was susceptible of being ratified or confirmed. (Fitch v. Boyce, 51 Texas, 344; Turnell v. Breedlove, 54 Texas, 543; Cummings v. Powell, 8 Texas, 80.)

Sneed could have, notwithstanding the irregularity complained about, so ratified and confirmed the Hammack judgment as to have thereafter precluded himself from questioning its binding force. Acquiescence would not necessarily constitute ratification. Whether or not there had been such an acquiescence in this judgment by Sneed as to make it ratification upon his part, is a question of fact that should be submitted by the court to the jury. Sneed might, notwithstanding his right to have the judgment vacated, have been willing to so far ratify the same as to have the excess of the tract over his homestead sold under it, and in that way remove the lien from the homestead; but when this could not be accomplished, he would not be held to have ratified the irregular judgment. That

character of acquiescence would not estop him from asserting his right to vacate the judgment.

Again, the fraudulent intent of Sneed is made conclusive against a recovery by him, notwithstanding Townsend had not been influenced to make the purchase by anything whatever that Sneed had said or done.

The entertaining of a fraudulent intent by Sneed to gain advantage over Townsend would have been morally wrong, but the law will only deal with that intent when it has been so far active as in some way to have operated to the injury of Townsend.

As before remarked, Sneed may have been willing to ratify the judgment, provided he could have secured the sale of the excess of the tract under that judgment so as to have removed the lien from and thereby secured his homestead. In doing this, Townsend's previous sale of that excess would have been defeated; and this result might have been intended by Sneed; if so, we answer that his rights are not effected by such an intent.

Considering the conflicting character of the evidence, the form and phraseology of the charge, and its pointed conclusion, in which the existence of a fraudulent intent is made the turning point in the case, it appears that the jury were controlled, and very likely misled, by this charge.

In our opinion, the charge of the court was erroneous in the particulars indicated, and the judgment ought to be reversed and the cause remanded.

It should be added, however, that if, as a matter of fact, Townsend purchased the land under the Hammack judgment, without notice of the defect claimed to exist in it, then, so far as Townsend is concerned, it would be binding, and the sale, save as to an adjustment with respect to the homestead rights of Sneed, would be valid.

Report of Commissioners of Appeal examined, their opinion adopted, judgment reversed and cause remanded.—GOULD, C. J.