## S. B. NICHOLS V. E. WIMMER.

IN SUPREME COURT, TYLER TERM, 1884.

*Judgment—Direct Attack.*—To constitute a direct attack upon a judgment, there must be a proceeding instituted for that purpose, with all the parties to such judgment before the court, that the decree may be so made as to relieve the one without detriment to the other.

*Judgment—Collateral Attack—Service.*—In a collateral attack upon a judgment where the judgment recites that the defendant was "duly cited," unless the record affirmatively shows that no service was had, the presumption that the parties were properly before the court is conclusive.

*Service—Non-Resident.*—The rule above, when applied to a judgment against a non-resident defendant, does not conflict with that announced in Pennoyer v. Neff, 5 Otto, 714.

Appeal from Live Oak county.

STATEMENT.

On the second day of January, 1883, appellee, Wimmer, brought this suit against Nichols and Alex Coke, sheriff of Live Oak county, to correct the description of the land conveyed by the sheriff's deed to him. Appellee had previously recovered a judgment in the county court of Live Oak county against Nichols and R. E. Ricks, and an execution had been issued and levied upon the land as the property of Nichols, and sold by the sheriff and purchased by appellee.

Appellant answered by Cross bill claiming that he was a non-resident at the time that suit was brought and judgment rendered, that no attachment was issued against his property and that no legal service was had upon him, and asked that the judgment be declared void, etc.

Upon the trial the court refused to correct the description of the land as given in the sheriff's deed, holding that it was sufficient. Also held, that the judgment of the county court was not subject to attack.

The real question involved in the appeal is as to whether the county court judgment is shown to be void by the record.

### OPINION.

This proceeding by the appellant upon his cross bill in the district court, must be considered as a collateral attack upon the judgment of the county court. The suit as instituted by the appellee was not an action upon that judgment, but had for its sole object the correction of sheriff's deed as to the description of the land sought to be conveyed. Rick, one of the defendants in the county conrt judgment, was not a party to this proceeding. To constitute it a direct attack upon the judgment, *it must* be a proceeding instituted for that purpose, with all the parties to the judgment before the court, that the decree may be so made as to relieve the one without detriment to the other.

Considering this as a collateral attack upon the judgment of the county court, a judgment rendered by a court of competent jurisdiction, reciting that the parties were "duly cited", it is well settled that unless the record affirmatively shows that no service was had, the presumption will be indulged that the parties were properly he fore the court, and in such cases that presumption is conclusive. (Fitch v. Boyer, 51 Texas, 344; Tennell v. Breedlove, 54 Texes, 543. In this case the record contains statements from which it might be inferred that an attempt was made to secure service upon appellant by publication. But there is nothing in the record which affirmatively shows that other service was not had upon him. Hence the recitals in the judgment to the effect that the defendants were "duly cited" must be considered as conclusive. (Treadway v. Eastburn, 57 Texas, 213.)

To avoid doubt upon the subject in future, it is deemed proper to remark that the doctrine announced in Pennoyer v. Neff, 5 Otto, 714. with reference to proceedings against non-residents in state courts, is fully recognized as authoritative. That doctrine results from a construction of the Fourteeth amendment to the constitution

of the United States by the Federal supreme court. The special duty and province of that court is to construe the constitution of the United States and the statutes enacted by the Federal congress. These, as construed by that court, ought to be accepted as authoritative by all other tribunals, otherwise the fundamental principles upon which our complex system of government is founded would be ignored.

While the state courts accept as authoritative the construction placed by the supreme court of the United States upon the Federal constitution and statutes, in like manner that court accepts as authoritative the construction placed upon state constitutions and statutes by state courts of last resort. Thus each refusing to invade the province of the other, the whole govermental machinery is rendered harmonious, and the fundamental principle preserved and perpetuated.

The decisions of our supreme court holding the contrary doctrine to that announced in Pennoyer v. Neff were made before the Federal supreme court had construed the Fourteenth amendment, in the particular matter affecting the question involved in this case. These decisions must now yield to the doctrine so firmly established by the repeated decisions of the supreme court of the United States.

Pennoyer v. Neff involved the question as to "due course of law" under the Federal constitution, and it was there held that to constitute a proceeding in a state court, against a non-resident defendant, "due course of law", that it must be *in rem*, or else there must be personal service upon or an appearance by defendant.

But as been seen in this case the presumption is conclusive from the recitals in the judgment, that appellant was duly served, therefore it is not embraced in the doctrine of Pennoyer v. Neff, and other more recent decisions of the supreme court of the United States to the same effect. Judgment affirmed.

Watts, J.

Report of the commissioners of appeals examined, their conclusions adpted and the judgment affirmed.

Willie, C. J.

[*Note.*—Compare this case with the case of Stephens v. Stephens, ante.—Ed.]