Mapes v. Leal's Heirs.

|    |    |
|----|----|
| 27 | 345 |
| 78 | 646 |

### SAMUEL MAPES AND OTHERS V. LEAL'S HEIRS.

When a witness, who was called to prove the signature of a subscribing witness to an instrument, stated that he had had some business with the person whose signature was in question, and that he believed the signature to be genuine, but on cross-examination stated further that he had never seen the person write, and it was not shown that he was acquainted with the hand-writing of such person, or had ever seen a signature of his which he knew to be genuine ; *held*, that the testimony was not sufficient to prove the execution of the instrument, which, therefore, was properly excluded from the jury.

It is a rule of the common law, that deeds more than thirty years old, if unblemished by alterations or other ground of suspicion, are admissible in evidence on presumption of their genuineness, and without proof of their execution. Whether it is competent for a court, under circumstances, to relax this rule in favor of deeds of less standing than thirty years, not decided.

The execution of an instrument, without reference to its age, may be inferred by the jury from circumstantial evidence, in the absence of proof of the hand-writing of the grantor or subscribing witnesses, when by reason of the death or absence of the latter, recourse may be had to secondary evidence.

An *hipotica especial* (a security in the nature of a mortgage) and its transfer, not being papers pertaining to the records of the general land office, did not become archives thereof by being filed or deposited therein; and, consequently, copies of them certified by the commissioner of the general land office were properly excluded as evidence.

APPEAL from Victoria.   Tried below before the Hon. Fielding Jones.

Valente Perez and the other minor heirs of Francisco Leal, deceased, by Alexis Perez their father and guardian, brought this action of trespass to try title, to the Spring Term, 1857, of the District Court of Live Oak county, for the purpose of recovering from Samuel Mapes, Bridget Bowers and Frances E. Bowers, one league and labor of land.

On account of a disqualifying interest of the judge presiding, who had been of counsel in the cause, the venue was changed at the Spring Term, 1858, to the county of Victoria.

The defendant Mapes pleaded "not guilty."   At the August Term, 1858, of the District Court of Victoria county, the plaintiff dismissed as to Bridget and Frances E. Bowers; whereupon Bridget Whelan (formerly Bowers) joined by her husband, Michael Whelan, and Frances E. Bowers, who, being a minor, appeared by her mother and guardian, Bridget Whelan, intervened, representing that they were the legal owners of the land in controversy, and that the defendant Mapes was their tenant, holding possession by lease from them.   Wherefore, the intervenors prayed to be allowed to appear and make defence.   Having pleaded the general issue and limitation, they answered specially, that if the plaintiffs, or their ancestors, had any title to the land in controversy, it was derived from the government of Coahuila and Texas on the 30th day of July, 1835, by grant from Jose M. Balmacedo; that the said Francisco Leal, the grantee, afterwards and on the 15th day of September, 1835, made and executed a conditional grant of the lands to one John Turner, who afterwards sold and transferred the same to John W. Bowers, deceased, the former husband of defendant Bridget.

By another answer these defendants pleaded the conveyance to Turner from Francisco Leal, as a mortgage to secure the payment

of $2500; and alleged an assignment of it, for value, by Turner to John W. Bowers. They further allege, that since the execution of the mortgage, the said Turner and said Bowers, as his assignee, had been in possession of the land; that the said Leal, in his lifetime, nor his heirs, the plaintiffs, since his death, had not paid either to said Turner, said John H. Bowers, or these defendants, any part of the money secured by said mortgage; nor had they, previous to the institution of this suit, claimed the possession of the land in controversy, or the title thereto. Wherefore, these defendants pray, in case the title to the land is held not to be vested in them, that they have a decree for the said sum of $2500, with interest from September 15, 1835, or, otherwise, that the title be adjudged to them.

The plaintiffs, by amended petition, replied, that the said mortgage had been paid and discharged to John H. Bowers, in his lifetime, but that, by lapse of time, they were unable to make proof of the payment, and relied on lapse of time to supply the same. And that Francisco Leal, who executed the said mortgage, died in the year 1836; that administration upon his estate was had, and is now finally closed, and that the said mortgage was never presented to the administrator for allowance, nor was it ever allowed by him, or approved by the probate judge as a claim against the estate of said Leal, nor was it ever foreclosed or established by suit; wherefore, petitioners say it is a stale demand of more than eighteen years standing, and can not be maintained against their superior right. The plaintiffs further pleaded various limitations in bar of said mortgage.

The case came to trial at the Spring Term, 1859, when the plaintiffs showed title in their ancestor, under a grant to him as a colonist in July, 1835.

The defendants offered to read, in evidence, the original in Spanish of the *hipotica especial*, or mortgage, executed September 15, 1835, by Francisco Leal to John Turner, to which there also appeared the names of Thomas Murphy and three others as witnesses.

The plaintiffs objected because the execution of the instrument was not proved, and for other reasons; and the defendants, there-

upon, introduced a witness to prove the signature of Murphy, whose evidence is sufficiently shown in the opinion. The court held the testimony insufficient. The defendants then offered the instrument as an ancient grant, but it was again excluded on objection of the plaintiffs. A transcript from the general land office, comprising the original grant to Leal and the *hipotica especial* from Leal to Turner, together with the transfer from Turner to Bowers, was then offered by defendants; but on objection by the plaintiffs, that these latter documents were not archives of the general land office, they were again excluded by the court.

The court instructed the jury, that the evidence showed title in Francisco Leal; and that if the plaintiffs were his heirs, they were entitled to recover. Verdict and judgment for the plaintiffs, and defendants appealed.

*A. S. Cunningham*, for the appellants.

*P. O'Docharty*, for the appellees.

MOORE, J.—The court below did not err in excluding from the jury, the paper offered by the appellants as an *hipotica especial* by Francisco Leal, the grantee of the land in controversy, to John Turner. The execution of the instrument was not proved, nor were such facts in connection with it shown as authorized its admission as evidence upon the presumption of its due execution. It having been shown that the grantor and subscribing witnesses were dead, it would have been sufficient to have admitted the instrument in evidence, to have proved the hand-writing of the grantor, or one of the witnesses. (1 Greenl. Ev., sec. 575.) But the proof adduced in this particular was wholly insufficient. There was no effort to prove the hand-writing of but one of the witnesses; and the party by whom it is insisted this was done, did not qualify himself to testify with reference to it. He stated, "that he had had some business" with Thomas Murphy, the subscribing witness, and that he thought his signature to the instrument offered genuine; but upon cross-examination, he stated that he did not believe that he had ever seen Murphy write. And it was not

shown that he was in fact acquainted with Murphy's hand-writing, or had ever seen any signature of his that he knew to be genuine. That the simple fact of a witness having "had some business" with a party, does not qualify him to testify as to his hand-writing, is much too plain for argument. The proof of the grantee Turner's hand-writing clearly furnished no evidence of the authenticity of the instrument, or any grounds for its admission.

Nor were the appellants authorized, as they insist, to read the instrument without proof of its execution, on the presumption of its authenticity as an ancient deed. It is a rule of common law, that deeds more than thirty years old, and unblemished by any alterations or other just ground of suspicion, are presumed to be genuine, without express proof of their execution. (1 Greenl. Ev., secs. 21, 144.) Without discussing the qualifying circumstances which are attached to this rule, it is sufficient to say, that the deed rejected by the court, in this case, was less than twenty-four years old when it was offered in evidence. And there is nothing shown in the present case, calling for a relaxation of the general rule, if it is within the power or discretion of the court to modify it; though, when the mere age of an instrument is relied upon as evidence of its authenticity and due execution, we know of no case in which less than thirty years has been held sufficient for this purpose. The execution of any instrument, without reference to its age, it is hardly necessary to say, may be inferred as a question of fact by the jury, from circumstantial evidence, in the absence of proof of the hand-writing of the grantor, or subscribing witnesses, when, by reason of the death or absence of the latter, recourse may be had to secondary testimony.

The *hipotica especial*, and the transfer of it by Turner to Bowers, were not papers pertaining to the records of the general land office, and were not archives of said office, or properly deposited therein; and the certified copies of them by the commissioner were, therefore, also correctly rejected by the court below.

There is no error in the judgment, and it is, therefore, affirmed.

Judgment affirmed.