THE HOUSTON AND TEXAS CENTRAL RAILROAD CO. v. F. W. CHANDLER.

1. NON EST FACTUM—EVIDENCE.—The effect of a plea of *non est factum* sworn to, is to require the plaintiff to prove the instrument declared on as at common law.
2. NON EST FACTUM. — On an issue of *non est factum* made by a defendant, it is competent to show that he acted in a way that amounted to an acknowledgment that the instrument was his act, and that it was plainly inferable that it was executed by his authority.
3. PLEADING.—See statement of case for averments in a petition to admit secondary evidence of acknowledgment or ratification, express or implied, on a plea of *non est factum*.
4. NON EST FACTUM—EVIDENCE.—A subsequent acknowledgment or ratification is sufficient to establish the plea of *non est factum* in favor of plaintiff, although the instrument was originally signed without authority.
5. NON EST FACTUM—EVIDENCE.—The particular facts relied on in evidence to defeat a plea of *non est factum* by establishing a ratification of the act, need not be averred in the pleading.
6. NON EST FACTUM — PRACTICE — EVIDENCE. — A defendant interposed a plea of *non est factum* in a suit against him on a subscription list. The evidence showed that the signature was not in defendant's handwriting, but tended to show that he was one of a committee to procure subscribers; that he attended a meeting of subscribers and expressed a willingness to close his subscription by note: *Held*,

That the evidence was sufficient to require the admission of the instrument in evidence, after which it is for the jury to determine upon the facts.

APPEAL from Travis.  Tried below before the Hon. E. B. Turner.

Suit was brought by the Houston and Texas Central Railroad Company, appellant, against Chandler, appellee, to recover the sum of $1,000, and interest, alleged to have been due as a subscription, in the nature of a bonus, to induce the appellant to construct its railroad to the city of Austin by the 1st of January, 1872.

Chandler pleaded the general issue and *non est factum.*

A jury was waived, and on the trial of the cause the court, upon the objection of appellee, excluded the subscription list, and being thus excluded from the evidence, the court rendered judgment for the appellee, from which the appellant prosecuted his appeal.

The appellant alleged that appellee, in the latter part of 1870 and beginning of 1871, in common with many other persons, made, executed, and delivered to Raymond and Whitis, for the use of appellant, the following instrument:
" We agree to pay Raymond and Whitis, January 1, 1872, the several sums set opposite to our names, in case the Houston and Texas Central Railroad Company shall complete the western branch of its road from Hempstead to the city of Austin, and have the cars running daily over the same, on or before January 1, 1872, to be paid over to said company as a bonus. Signed, F. W. CHANDLER" (and others); — that Raymond and Whitis acted in the premises as middlemen and stakeholders for all parties, and that before formal delivery of the "subscription list" to appellant, Raymond and Whitis called a meeting of the signers to consider the matter, and that nobody objected to its delivery to appellant.  Compliance with the terms of the contract by appellant was alleged, and that such compliance cost appellant $150,000 over and above what it would have cost to build the road in the usual and.

less speedy manner, and that the completion of the road in .
said time greatly benefited the said appellee and the other
subscribers.

Appellee pleaded that he never signed his name to the
subscription, never authorized anybody to do so for him, and
never ratified the affixing his name to it.

The railroad proved its incorporation.    Whitis testified
that appellant offered to complete its road by January 1, 1872,
for a bonus from the citizens of Austin of $75,000; that
meetings were held and committees appointed to solicit sub-
scriptions, of which appellee was a member.    According to
one witness' recollection, a meeting of the subscribers was
called to consider the propriety of giving individual notes to
appellant, at which appellee said he would give his note, but
did not know whether defendant signed the original subscrip-
tion or not.    " His name to it does not look like his hand-
writing; do not know whose writing it is; do not know who
had charge of the list when appellee's name was signed to it;
there were eight or ten duplicate lists; do not know who pro-
cured Chandler's subscription; at one of the meetings saw
one of the papers signed ' F. W. Chandler.' "

Appellant proved compliance with the terms of the con-
tract on its part, and that E. M. Pease, George Hancock,
Alfred Smith, and others had paid their subscriptions.

Appellant then offered in evidence the instrument on which
this suit is based, and which has already been substantially
set forth.

Appellee objected to its introduction, because his signature
to the same had not been proved; " because the evidence of
its execution was insufficient; because the evidence only
tended to prove a ratification of the instrument, and not its
execution; and because there were no pleadings to support
evidence of a ratification."

These objections were sustained and the subscription list
was excluded.

*Hancock, West & North,* for appellant.

I. The court erred in not allowing the subscription list to be read in evidence.

II. In rendering judgment for the defendant, and in not giving a judgment in favor of plaintiff. (Brock *v.* Jones, 16 Tex., 465; Chitty on Plead., pp. 305, 484, 487; 1 Livermore on Agency, sec. 4, pp. 44–46; Story on Agency, ch. 9, secs. 239, 244, 249, 251, 252, 260.)

*Walton, Green & Hill,* for appellee, cited the following cases: Mims *v.* Mitchell, 1 Tex., 443; Thompson *v.* Thompson, 12 Tex., 330; Paschal's Dig., arts. 1442, 1443; Guffey *v.* Moseley, 21 Tex., 410; Hall *v.* Jackson, 3 Tex., 309; Wharton on Agents and Agency, secs. 72, 74, 76, 77, 135, 174, 488; Story on Agency, secs. 239–244, 249–252, 260.

GOULD, ASSOCIATE JUSTICE.—The effect of the sworn plea of *non est factum* was to require the plaintiff to prove the execution of the subscription list sued on as at common law. (Brashear *v.* Martin, 25 Tex., 203.)

There being no subscribing witness to this instrument, and it being conceded that the signature of defendant was not in his handwriting, it was competent to show that the defendant "spoke and acted in a way that amounted to an acknowledgment" that the instrument was his act, and that it was fairly inferable that it was executed by his authority. (Hill *v.* Scales, 7 Yerg., 410; Sigfried *v.* Levan, 6 Serg. & R., 311; Mapes *v.* Leal's Heirs, 27 Tex., 349; 2 Greenl. on Ev., sec. 296.)

One of the grounds on which the instrument sued on was objected to and excluded, was that the evidence adduced, if it proved anything, only proved a ratification, and that there were no pleadings to let in proof of a ratification.

The petition contained the ordinary averments of the execution of the instrument, and was, we think, sufficient, when a proper basis for secondary evidence was laid, to admit of

evidence of an acknowledgment or ratification, express or implied, without further averment. The plea of *non est factum* relates to the time of pleading, and under it the defendant may show that the instrument "was made void by matter subsequent to its execution." (2 Greenl. Ev., sec. 300; 1 Chit. Plead., pp. 483, 484.) So a subsequent acknowledgment or ratification, although the instrument was signed originally without authority, is sufficient to establish the issue raised by the plea of *non est factum* in favor of plaintiff. (2 Greenl. Ev., sec. 296; Hill *v.* Scales, 7 Yerg., 410; Hall *v.* Phelps, 2 Johns., 451.)

A ratification relates back to the inception of the transaction, and makes a deed as obligatory as if originally made by the party, or by his authority. (Brock *v.* Jones, 16 Tex., 465.) The particular facts relied on in evidence to establish the subscription list as binding the defendant, were not required to be averred. If, however, the rule were different, the defendant, in his plea of *non est factum*, specially denied a ratification, and thereby made the evidence admissible.

The subscription list was also objected to and excluded on the ground of the insufficiency of the evidence to establish it. The evidence was that the signature was not in defendant's handwriting, but tended to establish that defendant was one of a committee to procure subscribers; that he attended a meeting of those who had subscribed, and expressed a willingness to close his subscription by note.

As secondary or circumstantial evidence tending to show that the defendant had so acted as to impliedly acknowledge himself one of the subscribers, our opinion is, that it was sufficient to require the admission of the instrument in evidence.

It is to be observed, that the single issue in this case was the execution of the instrument sued on, and that the question passed upon by the court was not as to the sufficiency of the evidence to establish the execution conclusively, but as to its sufficiency to establish it *prima facie*, so that the main issue of fact might be passed upon. Mr. Greenleaf says: "If there

is any evidence, however slight, tending to prove the formal execution of the instrument, it is held sufficient to entitle it to go to the jury." (2 Greenl. Ev., sec. 295.) Says Justice Gibson: "On the plea of *non est factum*, therefore, whenever there is a spark of evidence of sealing and delivering, the court are bound to permit the instrument to be read, for it is not for them, but the jury, to judge of the fact." (Berks. T. R. *v.* Myers, 6 S. & R., 15.) In another case in the same volume of Pennsylvania reports, it is said: "So, when the execution is to be made out by facts and circumstances, it is admitted, not because the court draw any conclusion of the fact in issue, but because some evidence is offered from which the jury might presume the fact in issue — the sealing and delivery of the bond." (Sigfried *v.* Levan, 6 S. & R., 312.) The facts and circumstances in evidence sufficiently tended to establish the instrument sued on as the act of defendant, to entitle the plaintiff to have it admitted in evidence and to have the issue of fact submitted to a jury or passed upon by the court, substituted for a jury.

For the error in excluding this instrument, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.