## J. M. COX, et al., v. J. W. COCK.

### SUPREME COURT, AUSTIN TERM, 1883.

*Patent—Requisites of.*—A proper construction of the laws directing the issuance of patents to lands surveyed by virtue of a land certificate, is that the authority, (that is, the certificate) by virtue of which the patent exists, should be recited in it, and the patent should state the consideration on which it is based and fully identify the authority on which it rests and by virtue of which it is made.

*Forged Deed—Evidence.*—When a proper affidavit is filed, attacking as a forgery a deed offered in evidence, such deed cannot be received in evidence without the usual proof of its execution, but when such proof is made it is not error to allow the deed to go to the jury as *prima facie* a genuine instrument.

*Attorneys Fees.*—Under the statute the court has no authority to tax the attorney's fees of one defendant against another.

*Ancient Instrument.*—See facts sufficient to establish a deed as an ancient instrument.

Appeal from Falls County.

Appellee brought suit against J. M. Cox, H. Rickelman, J. M. Stuart and wife, B. B. Clarkson, L. W. Goodrich, and Mrs. C. B. Cox, residents of Falls county, and M. L. Johnson, a non-resident, to recover a tract of land in Falls county; petition in usual form. Johnson was cited by publication.

Clarkson, Goodrich and Mrs. Cox disclaimed. The other defendants filed separate answers.

The case was tried before a jury, and resulted in a verdict and judgment for plaintiffs. The defendants offered no testimony, and the questions raised are mainly upon plaintiffs title.

The court admitted in evidence to the jury on the trial of this cause, a certain instrument purporting to be signed by B. H. Abell,

dated March 26, 1840, and conveying and assigning to John Roy certain land certificates, and contract therein mentioned.

The document referred to, signed Benjamin H. Abell, and by D. Hiller Graham and John E. Jeffries, as subscribing witnesses.

There was also an informal certificate of proof for record, signed by R. D. Johnson, Chief Justice, Galveston county, dated — day of April, 1840.

Plaintiffs offered proof before the court as follows, viz: In effect, that R. D. Johnson wrote said defective certificate on said instrument in 1840, from which fact it is inferred that said instrument is more than 30 years old; that Roy had paid taxes on 488 acres of the Abell patent since 1850, and that plaintiff had delivered said instrument to J. A. Martin, his attorney, and thereupon, over the objections of defendants attorney, the court allowed said paper and contract therein mentioned to go to the jury as evidence, as an ancient instrument.

The court charged the jury that the burden of proving the instrument purporting to be executed by B. H. Abell to John Roy, to be a forgery, was upon the defendants, they having filed an affidavit alleging the same to be a forgery.

The court charged the jury that the equitable title to the land, covered by the patent to B. H. Abell, vested in Roy, by virtue of the deed of Abell to Roy, dated March 26, 1840.

*Goodrich & Clarkson,* for appellants.

*J. A. Martin,* for appellee.

Opinion by West, J.

The case has been carefully considered, but as it presents no new questions for determination, and the results reached is believed to be correct, it is not deemed necessary to discuss at any length. the different grounds of error that have been assigned.

The land located and surveyed by virtue of the certificate, was sufficiently identified as the same land embraced in the patent that was offered in evidence. The doubt (if it could be said to be one) arose from the failure of the proper authorities in issuing the patent to state by way of recital, as should always be done, the number, date and class of the certificate on which the survey and patent is based. A proper construction of the laws directing the issuance of patents to lands surveyed by virtue of a land certificate, is that the authority, (that is the certificate) by virtue of which the patent exists,

should be recited in it, Hart. Dig., Art. 1853 *et seq.*, Arts 1951, 2044, 2186, *et passim* Pas. Dig. Arts 4287, 4289, *et passim* 3952, 3963 *et seq.* Independent of the requirements of the statute in this respect, the patent, which is the evidence of the final severance of the land from the public domain, and of its grant by the sovereign power to a private individual, should in accordance with the general principles of law applicable to all grants, state the consideration on which it is based and fully identify the authority on which it rests, and by virtue of which it is made. Under previous decisions of this court, the deed from Abell to Roy was sufficiently proved to admit of its introduction in evidence as an ancient instrument. ·Watrous v. McGrew, 16 Tex., 507; Mapes v. Leal, 27 Tex., 345; Stroud v. Springfield, 28 Tex.; 649; Williams v. Conger, 49 Tex., 582; Johnson v. Timmons, 50 Tex., 521; Glasscock v. Hughes, 55 Tex., 461. Gainer v. Cotton, 49 Tex., 117–119.

The charge of the court as to where the burden of proof should rest was not, it is true, technically correct, in all respects. It must be considered, however, with reference to the state of facts to which the court very properly addressed the charge. When so considered it cannot be said to be erroneous, or to have misled the jury. When the proper affidavit is filed, as was done in this case, attacking the deed offered in evidence as a forgery, such a deed cannot be received in evidence, without the usual proof of its execution, but when such proper proof is made, as was done in this case, it is not error to allow the deed to go to the jury as *prima facie*, a genuine instrument. The impeaching affidavit has served its purpose; it has compelled the party claiming under the deed to prove its execution in accordance with the rules of evidence, and thus remove the suspicion cast on it by the affidavit of forgery. It throws upon the shoulders of the party offering the deed the burden of proving its execution, in accordance with the rules of common law. Jordon v. Robson, 27 Tex., 613; Williams v. Conger, 49 Tex., 582; Muckleroy v. Bethany, 27 Tex., 553; Willis v. Lewis, 28 Tex., 186, 187; Powell v. Haley, 28 Tex., 52; Newby v. Haltaman, 43 Tex., 314.

If the party impeaching the deed desires to do so, he is at liberty to proceed to sustain by any lawful testimony his plea of *non est factum.* If he introduces no proof whatever (the affidavit not being evidence), and the opposing party proves the making of the deed in accordance with some one of the modes prescribed by the common

law, the genuineness of the deed is established. The jury in the absence of all proof sustaining the plea of *non est factum* could not find otherwise.

The charge then must be read with reference to the exact case being considered by the court. When it was given, the evidence had all closed; no more proof could be received. The appellee had been compelled, under the operation of the plea of *non est factum*, to introduce affirmative proof of the execution of his deed. The court required this of him. The appellants saw fit to introduce no evidence whatever in support of their plea of *non est factum*. Under the circumstances of the case as thus presented, the charge was not erroneous, nor was it, as the appellants had introduced no proof in support of their plea, calculated in any manner to mislead the jury. Young v. Guilbeau, 3 Wall, 636; besides, as we have seen, the charge was certainly not inapplicable to the facts of the case as disclosed by the evidence, and the appellants if dissatisfied with it, as not sufficiently accurate, should have asked an instruction containing their views of the law. This they did not see fit to do. The points raised as to the nature and character of the claim of F. Niebling to the land in suit are, for many reasons, not applicable to this case. The appellants showed no claim or title whatever to the *locus in quo*. Shields v. Hunt, 45 Tex., 428; Johnson v. Timmons, 50 Tex., 537; Fitch v. Boyer, 51 Tex., 348.

The motion of appellants, however, to re-tax the costs should have been granted. Under the statute the court has no authority to tax the attorney fees of one defendant against another. The bill of costs will in this respect be re-taxed, under the direction of the district court. Rev. Stat., Art. 1212, p. 196.

The judgment is affirmed, with directions, however, as above indicated, as to the re-taxation of the costs.