Adopted December 19, 1890.

---

## J. N. Brown et al. v. Jesus Perez.

### No. 6794.

1. **Practice in Supreme Court—Affidavit of Forgery.**—Objections to an affidavit attacking a deed for forgery, made before the trial and acted upon as perfect by the trial court and by the parties, can not be made on appeal. Such objections should be urged in the court below, as the defect might then be remedied.

2. **Preponderance in Testimony—Ancient Instrument.**—See facts held insufficient to sustain a verdict for the plaintiff, the issue being the genuineness of a deed from plaintiff to one A. Superville, under whom the defendants held. The plaintiff testified that he had not executed the paper. The document had been of record over thirty years. Witnesses testified to the transaction between plaintiff and Perez. *Held,* that the preponderance in the testimony to the execution of the deed was so great that the verdict against it should be set aside. Details in opinion.

APPEAL from Atascosa. Tried below before Hon. D. P. Marr.

The opinion gives a statement.

*Simpson & Jones* and *W. J. Bowmen,* for appellants.—1. The affidavit of forgery requisite to put in issue the genuineness of a deed filed under the statute must by its terms identify the instrument it is designed to attack, and should also be such an affidavit as could subject the party making it to the pains and penalties of perjury. Rev. Stats., art. 2257.

2. The certified copy of transfer to A. Superville under which defendants hold their title, it purporting to be the act of Anselmo de Jesus Perez, son and sole heir of Diego Perez, deceased, and being a certified copy of an instrument more than thirty years old and of a record more than thirty years old, accompanied by undisputed acts of ownership under said trans-

fer ever since, is without any extrinsic evidence of identity an instrument that is established as the act and deed of the party it purports to be, for the simple reason that it is such ancient instrument.

. 3. Where the facts show the title paper to be within the rule relating to ancient deeds and the facts are not disputed, it is the duty of the court to assume, as far as the burden of proof was concerned, that it was, and to give it the effect of, an ancient instrument; and it was error to charge the jury in this case that it devolved on defendants to prove the execution of the deed by such facts as satisfied the minds of the jury. 1 Greenl. on Ev., secs. 21, 144; Stroud v. Springfield, 28 Texas, 649; Holmes v. Cory-ell, 58 Texas, 681; French v. McGinnis, 69 Texas, 23; Shinn v. Hicks, 68 Texas, 279; Pasture Co. v. Preston & Smith, 65 Texas, 451; Brown v. Simpson, 67 Texas, 225; Stealey v. Railway, 66 Texas, 468; Reid v. Howard, 71 Texas, 204.

4. The execution of the conveyance to A. Superville being in evidence as an ancient instrument, its execution was presumed, and the burden of disproving the execution was on plaintiff; and if any further testimony was required of defendants to affect plaintiff by such deed (the plaintiff having another name than that signed to the deed) it was proof of the identity of plaintiff with the person whose name appears to the instrument. Pasture Co. v. Preston, 65 Texas, 452; Stealey v. Railway, 66 Texas, 468.

5. It is not sufficient that there is some evidence on which a verdict might stand. The court will revise a case on the evidence, and set aside a verdict where the evidence is not reasonably sufficient on the entire case to satisfy the mind of the correctness of the verdict. And where it appears that the testimony of a witness is by deposition the same importance is not attached to the verdict as if the witness had been personally examined. Chandler v. Meckling, 22 Texas, 37; Railway v. Schmidt, 61 Texas, 286; Willis v. Lewis, 28 Texas, 191; Garvin v. Stover, 17 Texas, 292; Railway v. Lee, 69 Texas, 560; Walker v. Stroud, 6 S. W. Rep., 202; Clapp v. Engledow, 72 Texas, 252.

*B. F. Ballard* and *W. H. Smith,* for appellee.— 1. Alleged defects in pleadings or in other filed papers, or supposed errors committed by the court in its rulings or in its charge, to which no exception is taken are waived and will not be considered on appeal. Cockrill v. Cox, 65 Texas, 675; Railway v. Beard, 68 Texas, 265; Insurance Co. v. Ice Co., 64 Texas, 579; Tucker v. Brackett, 28 Texas, 337; Meyer's Dig., arts. 1417, 1421, 1388; Sugg v. Thornton, 73 Texas, 666.

2. The affidavit of forgery is to notify the opposite party that he must prove the execution of the deed to which it refers, and is sufficiently certain if the object is attained by putting the party on proof of his deed; and the party is only required to swear to his belief. Rev. Stats., art. 2257.

3.    When an affidavit of forgery as to a deed is filed, the party offering such deed is remitted to the common law proof of his deed, which is by testimony of subscribing witnesses, by its antiquity, etc.    And if the subscribing witnesses are produced and their testimony goes to the jury, this being the best evidence, would exclude the method of proof by antiquity, which is its substitute, and is only admissible on supposition of the death of subscribing witnesses; and in such case the age of the deed is immaterial and it would not be admitted as an ancient instrument, and the charge on that branch of law would be out of place.    1 Greenl. Ev., sec. 82; Pasture Co. v. Preston & Smith, 65 Texas, 451; Cock v. Cox, 59 Texas, 524; Holmes v. Coryell, 58 Texas, 681; Houston v: Blythe, 60 Texas, 511.

4.    The judgment in this case was the only proper one to be rendered under the evidence, and the record fails to show injury from the supposed error.    In such cases the judgment will be affirmed.    Link v. Page, 72 Texas, 592; Stonebreaker v. Friar, 70 Texas, 203; Burnett v. Harrington, 70 Texas, 213.

HOBBY, JUDGE.—The appellee, who was plaintiff in the lower court, sued the appellants, defendants below, in November, 1886, to recover a league and labor of land patented to the heirs of Diego Perez, in Atascosa County.

There is no controversy as to the fact that the plaintiff is the sole heir of Diego Perez.    So too it is admitted that the defendants have a regular chain of title from one A. Superville.

The question then upon which this case turns is whether the plaintiff conveyed the land in controversy to A. Superville.

The defendants claim that he executed such a conveyance in March, 1854, and read in evidence a certified copy of a deed from Jose de Jesus Perez to said Superville.    It was filed in this suit March 27, 1888, after proper affidavit of loss was made and notice of filing given.    It purported to have been executed by "Anselmo de" Jesus Perez, and was signed by Jose de Jesus Perez with a cross.

It was witnessed by Estevan de la Garza and Ramon Garcia, and proved for registration by the latter before S. S. Smith, clerk of the County Court of Bexar County, on the 28th day of June, 1854, filed for record, and recorded on the same day.

An affidavit was filed by plaintiff on March 29, 1888, attacking this deed as a forgery, referring to the instrument filed by defendants in this suit on March 27, 1888, and purporting to be a deed from C. Jose de Perez to A. Superville, executed March 23, 1854.    The affidavit was subscribed and sworn to by plaintiff on March 21, 1888.    The plaintiff offered testimony in support of this affidavit, and the defendants introduced evidence to establish the execution of the assailed instrument, and the issue thus made was submitted to the jury.    The verdict was in favor of plaintiff.

The defendants appeal, and the first and second assignments are in effect that the court erred in its charge recognizing the affidavit as being sufficient to raise the issue as to the execution of the deed, because it was made on March 21, 1888, and referred to a paper filed March 27, 1888, and described a deed from C. Jose de Jesus Perez to A. Superville, while the paper filed by defendants was a certified copy of a deed from Anselmo de Jesus Perez.

The effect of these assignments is to raise for the first time in this court objections to and point out defects in an affidavit of forgery which was not excepted to on any ground during the trial.

If the affidavit was in any respect defective, as claimed, it was treated by the parties and the court as perfect. It was recognized as properly raising the issue as to the execution of the conveyance from plaintiff to A. Superville, under whom the defendants claimed. If performed fully the functions of an affidavit in all respects complete and made for this purpose; and it would certainly be too late to raise now for the first time objections to it based on supposed defects which, if pointed out and made on the trial, it is to be presumed would have been cured if they really existed. We do not think the assignments attacking the affidavit are well taken.

The seventh assignment presents the question of the sufficiency of the evidence to support the verdict. The certified copy showed that the deed to Superville had been recorded in the proper county for more than thirty years before the trial. Title to this land had been asserted under conveyances as follows: A. Superville conveyed to G. Theisen May 17, 1854, by deed, which was also properly recorded in June, 1854. Theisen located the certificate and conveyed a locative interest of one-third to J. J. Giddings, who conveyed to J. W. Giddings, who also conveyed to M. Giddings. The heirs of M. Giddings conveyed to appellant Brown in 1856. Each of these conveyances was properly recorded. The remaining two-thirds of the land was conveyed to defendants Adams and Wickes in 1872. The defendants entered into a partition of this land in March, 1884. No taxes had been paid on the land by appellee. Appellants had paid taxes thereon for several years, and defendant Brown had at one time leased the land.

One of the subscribing witnesses, Estevan de la Garza, testified that he knew the plaintiff and A. Superville, and narrated the circumstances in detail under which the plaintiff, Jesus Perez, executed the deed of the former. He was present and was called on to witness the signature of the plaintiff, which was made with the mark of the cross. He related also that Ramon Garcia, who is now dead, was a subscribing witness. The last named witness, it was shown by the certified copy in evidence, appeared before the county clerk of Bexar County on the 28th day of June, 1854, and proved the instrument for registration.

Another witness, P. L. Buquor, testified on the trial that he knew the plaintiff and A. Superville well; was present at the sale of the land certificate to the latter by the former and the execution of the deed therefor. This witness stated what consideration was paid to plaintiff by Superville, and more minutely than the witness De la Garza testified to the circumstances attending its execution.

There was proof that when "Jose de" is "prefixed to a name among Mexicans at baptism it is generally afterwards dropped," but that it was a custom among the old Mexicans to add the prefix "Jose de" in writing their names. The plaintiff alleged that the baptismal prefix of "Anselmo de" to his name had been by him dropped and abandoned.

The plaintiff introduced several deeds executed by him to A. Superville conveying other lands. The execution of one of these was witnessed by Ramon Garcia and Jose de la Bonne, and another by Ramon Garcia and Margareto Flores. But the instrument in question was the only conveyance the execution of which was witnessed by Estevan de la Garza and Ramon Garcia.

The evidence contradicting the foregoing or in support of the affidavit attacking the deed is that of the plaintiff himself. He stated that he did not execute the instrument to Superville under which defendants claim; that he never signed any deed in the presence of Estevan de la Garza or Ramon Garcia or P. L. Boquor; and furthermore he testified that he did not know one Jose de la Bonne or Margareto Flores, and they were not present when he executed any conveyance to Superville.

But it appears from the deed which the plaintiff admits he made to Superville that he did sign it in the presence of Ramon Garcia and J. L. Buquor as witnesses. It also is shown by another conveyance which the plaintiff concedes he executed to Superville that it was signed by him in the presence of Margereto Flores and Ramon Garcia, who subscribed their names as witnesses thereto.

In this case the evidence for the defendant is direct and positive as to the execution of the deed; and this is corroborated by a number of consistent facts and circumstances testified to by witnesses wholly disinterested, apparently. On the other hand there is a manifest conflict in the plaintiff's own testimony in important particulars above noticed.

Under this state of the proof we do not think the verdict can be said to be sufficiently and satisfactorily supported by the evidence, but that it is contrary thereto and not sustained by it.

We think that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*