SALLIE S. BAYLOR ET AL. V. C. TILLEBACH ET AL.

Decided February 1, 1899.

1. Evidence—Copy of Recorded Patent.

A certified copy of a patent from the records of the county clerk's office of the county where the land lies is admissible in evidence where affidavit of the loss of the original has been made, and the copy is not offered merely to show common source of title. Following Railway v. Milmo Bank, 72 Texas, 467.

2. Public Domain—Land Under Navigable Waters.

A State may grant to individuals or corporations the soil of public navigable waters, and the objection that it can not do so is not tenable in an action between individuals claiming adversely to each other a grant of such land.

3. Registration of Judgment Affecting Land—Copy—Evidence.

A certified copy of a partition decree of the probate court allotting real property is admissible in evidence over the objection that it was not recorded in the record of deeds of the county, as against persons not innocent purchasers for value.

4. Deed—Proof of Execution—Circumstantial Evidence.

The execution of a deed may be proved by circumstantial evidence, where proper affidavit has been made of its loss and search therefor.

5. Same—Evidence Requiring a Submission to the Jury

See the opinion for circumstantial evidence as to the execution and contents of a lost deed not legally recorded held sufficient to have required a submission of the question of its execution to the jury.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Hume & Kleberg*, for appellants.

*S. S. Hanscom, Johnson & Johnson*, and *F. W. Fickett*, for appellees.

NEILL, ASSOCIATE JUSTICE.—This is a suit in trespass to try title brought on September 3, 1895, by Sallie S. Baylor, who is joined by her husband, G. W. Baylor, against C. Tillebach, N. C. Tillebach, John Hoeffel, S. T. Fontaine, Nicholas Zupanna, and Bartolo Fillol, to recover 200 acres of land, which is a part of Offatt's Bayou, formerly called Oyster Bayou, situated on Galveston Island.

The petition of appellants was in the ordinary form of trespass to try title.

The first four named appellees (defendants below) by their answer plead not guilty, statute of limitations of ten years, a pre-emption claim to the land in controversy, use and occupation thereof for more than twenty years, improvements thereon in good faith, and that the patent to the land under which appellants claim, if ever issued, is void.

The other two defendants answered separately by general demurrers and pleas of not guilty. The attorney who answered for N. Zupanna withdrew from the case, stating as his reason therefor that since filing the answer for his client, plaintiffs had settled with him.

Other parties intervened, but before the cause was tried, with the permission of the court, withdrew their petition in intervention.

By supplemental petition in replication to appellee's pleas of limitation, appellant Sallie S. Baylor pleaded coverture.

The cause was tried with a jury, who under a peremptory instruction of the court returned a verdict against appellants, upon which a judgment against them was entered in favor of all the appellees.

For convenience we will state here the supposd chain of title relied upon by appellants to recover the property, and then consider the several links in it claimed by appellees to be broken or defective. It is as follows:

1. A patent issued by the Republic of Texas on November 18, 1840, to Edward Hall and Levi Jones, granting them 18,215 acres of land on Galveston Island, which land includes the premises in controversy. This patent was by a special Act of the Legislature of the State of Texas, on the 18th day of February, 1854, confirmed, and by said act the State disclaims any title to the land described in the patent.

2. A decree of the District Court of Galveston County, Texas, entered on May 18, 1844, dividing 18,215 acres of land described in the above patent in fourteen sections of 1280 each, allotting the odd sections to Edward Hall, and the even sections, including section 2, of which the land in controversy is a part, to Levi Jones.

3. A deed of trust, which purports to have been executed on June 14, 1847, by Levi Jones and J. S. Sydnor to Oscar Farish and Pryor Bryan, trustees, for the benefit of Joseph Emerson, to secure a note of that date made to him for $2478 by the grantors in said trust deed, payable December 14th following, conveying, with other lands, the 1280 acres constituting section 2 allotted to Levi Jones in the partition between him and Hall, it being recited in the instrument that said section 2, except twenty acres previously sold, is the property of Levi Jones. This instrument empowers the trustees or either of them to sell the premises in default of payment of the note, and directs that sale be first made of the property of Levi Jones described therein. This deed of trust was acknowledged by the grantors before Oscar Farish (one of the trustees therein), clerk of the County Court of Galveston County, and from the records of deeds appears to have been recorded in the office of the county clerk of Galveston County on June 15, 1857.

4. A deed which purports to have been made on May 22, 1849, by Oscar Farish as trustee by virtue of the deed of trust above mentioned, conveying to J. S. Sydnor 1185 acres, a part of the 1280-acre tract designated as section 2 in said deed of trust. This deed refers to a release of seventy-five acres of the land originally embraced in the trust deed, and excludes from its conveyance the quantity of land so released. It also

purports to be signed by the beneficiary, Joseph Emerson, who, according to its recitals, acknowledges that he received the purchase money paid by Sydnor at said sale. This instrument also purports to have been acknowledged by the grantor, Oscar Farish, before himself as clerk of the County Court of Galveston County, on July 10, 1849, and filed and recorded in the office of said county clerk on the same day, and it appears of record in said office in Book "J," page 83.

5. John S. Sydnor died in the latter part of 1869. He left a will which was duly probated by the County Court of Galveston County on the 25th day of October, 1869, which provides for an equal distribution of his estate among his children, one of whom is the appellant Sallie S. Baylor. In the decree of partition of the estate of J. S. Sydnor among his children, which was made on April 12, 1880, by the County Court of Galveston County, the 200-acre tract in Offatt's Bayou on Galveston Island, in Galveston County, originally granted to Hall and Jones in section 2 of their division, which embraces the land in controversy, was allotted to Sallie Sydnor Baylor, wife of George W. Baylor.

Had the original instruments constituting appellant's supposed chain of title been brought from proper custody and introduced in evidence, a complete chain of title to the land in controversy emanating from the sovereignty of the soil and terminating in the appellant, Sallie S. Baylor, would have been shown, and to have defeated her right of recovery, appellee would have had to show either a superior title emanating from the same source from which Mrs. Baylor's sprung, or that they had acquired title to the land and she was precluded from recovering it by virtue of the statute of limitation. There is, however, no testimony tending to show a common source of title; and the uncontradicted evidence discloses that appellants were married on the 22d day of April, 1863, and that Mrs. Baylor has remained a covert ever since. Her coverture therefore prevented the running of the statute of limitations against her until April 1, 1895, when article 3201, Revised Statutes, was so amended as to make the statute of limitations run against a married woman. Therefore, unless appellees had acquired title to the property in controversy by limitations prior to the date of appellants' marriage, the statute of limitations could not avail them as a defense. If there is any evidence at all tending to show that the statute of limitations began to run in favor of any of the appellee's prior to April 22, 1863, the date of appellant's marriage, it certainly does not possess such cogency as would warrant the court to withdraw the question of limitations from the jury and instruct a verdict upon such issue against the appellants. Therefore the trial court must have based its peremptory instruction to the jury upon the theory that one or more links in the chain of title asserted by appellants, as above stated, was not sufficiently established by the evidence.

The patent from the Republic of Texas to Hall and Jones, affidavit of the loss of the original having been made, was proven by a certified copy from the records of the County Court of Galveston County. But by cross-assignment of error it is contended by appellees that a certified

copy of a patent from the records of the county clerk's office was not admissible in evidence. It is held, however, by the Supreme Court in Railway v. Milmo Bank, 72 Texas, 467, that such a copy is subject to the same rules as to its competency as are copies of instruments duly recorded, save when offered to show a common source of title. The legislative confirmation of the grant was proven by certified copy of the special act under the hand and seal of the Secretary of State. It may be said, therefore, that the first link of the appellants' chain of title is established beyond controversy. But appellees here contend that the property involved in this suit is navigable waters, and therefore not subject to grant. There is nothing in this contention, for it is well established that a State may grant to individuals or corporations the soil of public navigable waters. Gould on Waters, sec. 36, and authorities cited in note.

The second link in appellants' chain of title,—that is, the decree of partition made by the District Court on the 18th day of May, 1844, of the land between Jones and Hall,—was proven by a certified copy of from the minutes of said court.

The facts recited as constituting the fifth link in appellants' chain of title are established by undisputed testimony. But by cross-assignment appellees contend that their objection to the introduction of the certified copy of the decree of the probate court of Galveston County allotting the land in controversy to Sallie S. Baylor should have been sustained upon the ground that said decree of partition was not recorded in the records of deeds of Galveston County. This contention can not be sustained. It is for the purpose of notice and protection of innocent purchasers for value that decrees of partition of real property are required to be recorded in the records of deeds in the county where the land is situated, and as appellees are not purchasers, they were not affected by such decree not being recorded in the record of deeds.

This leaves for our consideration only the third and fourth links in appellants' chain of title, i. e., the purported deed of trust made by Levi Jones and J. S. Sydnor to Oscar Farish and Pryor Bryan, trustees, for the benefit of Joseph Emerson, and the purported deed made by Oscar Farish as trustee to J. S. Sydnor. Affidavit was made by appellant, G. W. Baylor, of the loss, search for, and inability of appellants to produce this original instrument, and as they were not properly authenticated for record, each being acknowledged by a party to the instrument, appellants undertook to prove their execution by circumstantial evidence. A proper predicate being laid for the evidence, it is well established that the execution of a deed may be proved by circumstances. Mapes v. Leal's Heirs, 27 Texas, 345; Stroud v. Springfield, 28 Texas, 663; Newby v. Haltman, 43 Texas, 314; Bounds v. Little, 75 Texas, 316, 79 Texas, 128; Ammons v. Dwyer, 78 Texas, 639; Brown v. Perez, 79 Texas, 157; Holmes v. Coryell, 58 Texas, 685; Adams v. Reid, 66 Texas, 17; Crain v. Huntington, 81 Texas, 615; Jones v. Reus, 5 Texas Civ. App., 629; Jones v. Langford, 9 Texas Civ. App., 89.

Among the circumstances introduced in evidence by the appellants

to show the execution and contents of the trust deed of June 14, 1847, and the deed of May 22, 1849, are the following: The original record books from the county clerk's office containing the record of said instruments; evidence that the record of the instruments was wholly in the handwriting of Oscar Farish, then county clerk of Galveston County; that said Farish held said office continually from 1840 to 1869; that he was a careful clerk and copyist, well acquainted with Levi Jones, J. S. Sydnor, and their handwritings; had frequent business dealings with them, and as county clerk recorded many instruments executed by them, and was never suspected of transcribing a false instrument in said records; that Jones, Sydnor, Farish, and all parties and witnesses in said instruments were long since dead, and that search for the originals thereof had been repeatedly and fruitlessly made; that Levi Jones for many years after the execution of said instruments lived on Galveston Island, and that he never after the date of the deed made by Farish to Sydnor claimed any part of the land conveyed thereby, nor paid any taxes thereon. That after Sydnor's purchase at the trust sale he went into possession of section 2, of which the land in controversy is a part, claiming it as his own, paying taxes thereon, established a beautiful home upon it, where he resided with his family nine or ten years, after which he moved with his family and established a home on another part of said subdivision, and lived there for some time; that his title to the property was never questioned by any one from the date of his deed to the time of his death; that after his death the property covered by said deed was inventoried by the executor of his estate, who paid taxes on it and claimed it as the property of the estate until it was allotted in the partition to the appellant, Sallie S. Baylor; that it has ever since been claimed by Mrs. Baylor, and that for years she has paid through her agents taxes thereon, claiming the property as her own. There was other testimony introduced tending to show the execution and contents of said instruments, but we have recited enough to demonstrate that the trial court erred in withdrawing from the jury the issue as to their execution and peremptorily instructing a verdict against appellants. For which error the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*