## SMITH et al. v. WOFFORD et al.

### No. 4022.

Court of Civil Appeals of Texas. Texarkana. June 11, 1931.

Rehearing Denied June 18, 1931.

Allen Reed, of Bonham, for appellants.

Cunningham & Lipscomb, of Bonham, for appellees.

WILLSON, C. J. (after stating the case as above).

The effect, as between the parties thereto, of the judgment in cause No. 10225, referred to in the statement above, was to divest Mrs. M. J. Whisenhunt of any title she had in the land in controversy and to vest same in appellees. That being true, the judgment here appealed from is not erroneous if appellants were bound by the judgment in said cause No. 10225. Appellants insist that judgment was not binding upon them and that the trial court erred when, over their objection, he admitted same as evidence of title in appellees. The ground of the objection was that it appeared the judgment had not been recorded in the office of the county clerk of Fannin county as provided in article 6638, R. S. 1925, and therefore was within the inhibition in said statute that such a judgment not recorded in the county in which land in question was situated should "not be received in evidence in support of any right claimed by virtue thereof." It is held that the statute invoked was only intended for the protection of creditors and innocent purchasers, and that such a judgment is admissible as evidence where, as here, as determined by the jury on sufficient evidence, the objecting party knew or was chargeable with knowledge of the pendency of the suit resulting in the judgment. Russell v. Farquhar, 55 Tex. 355; Baylor v. Tillebach, 20 Tex. Civ. App. 490, 49 S. W. 720; Crow v. Van Ness (Tex. Civ. App.) 232 S. W. 539; Henderson v. Lindley, 75 Tex. 185, 12 S. W. 979; Rodriguez v. Haynes, 76 Tex. 225, 13 S. W. 296; Haines v. West, 101 Tex. 226, 105 S. W. 1118, 130 Am. St. Rep. 839. In their brief appellants say: "The only question involved in the cause after the close of the testimony was a question of law, and not of fact, to-wit, whether or not the failure of the defendants to record their judgment in cause No. 10225 in the records of the County Clerk of Fannin County, Texas, as required by article 6638 of the Revised Statutes precluded them from offering the same in evidence as their defense and claim to the land in controversy." Agreeing with appellants in the statement quoted and having determined the judgment in said cause No. 10225 was admissible as evidence in the instant cause, it follows we think the judgment here appealed from should be affirmed.