Kimmell v. Burnet County Appraisal Dis't 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-482-CV





PAUL W. KIMMELL A/K/A PAUL W. KIMMELL DC,



 APPELLANT


vs.





BURNET COUNTY APPRAISAL DISTRICT,



 APPELLEE



 



FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT,


NO. 13,425, HONORABLE JAMES R. MEYERS, JUDGE


 




PER CURIAM

 Appellant Paul W. Kimmell perfected this appeal from the district court's rendition
of summary judgment in favor of appellee Burnet County Appraisal District in a dispute over ad
valorem taxes. (1) While the appeal was pending, Kimmell filed a "Petition for Redress of
Grievance and Notice of Removal" (appendix A) in the Common Law Court for the Republic of
Texas to remove the cause from the Burnet County district court. The appraisal district has
received an "Order" (appendix B) and "Notice of Removal" (appendix C) from the Common Law
Court for the Republic of Texas removing the cause from the Burnet County district court. (2) The
appraisal district filed a motion with this Court to dismiss the appeal for want of prosecution or,
in the alternative, for lack of jurisdiction, and requested that we award damages under Texas Rule
of Appellate Procedure 84. Kimmell responded by removing the appraisal district's motion to the
common-law court. Since that time, Kimmell has filed: (1) a "Petition for Redress of Grievance
and Notice of Removal" (appendix D) in the Republic of Texas Common Law Court to remove
the cause from this Court; (2) "Notice of Hearing" (appendix E) by the Republic of Texas
Common Law Court of a "Common Law Arbitration and Award Hearing" set for May 28, 1992;
(3) "Motion to Transfer Proceedings" from the Republic of Texas Common Law Court to the
Common Law Court of the United States of America (appendix F); and (4) an order from the
Republic of Texas Common Law Court transferring the cause to the Common Law Court of the
United States of America (appendix G).

 We hold that the Common Law Court for the Republic of Texas, if it ever existed,
has ceased to exist since February 16, 1846. Kimmell's actions in filing his "Petition[s] for
Redress of Grievance and Notice of Removal" constitute an abandonment of his appeal, and we
grant the appraisal district's motion to dismiss for want of prosecution. Further, we determine
that Kimmell has taken this appeal for delay and without sufficient cause and, therefore, award
the appraisal district ten percent of the damages awarded to it in the district court as damages
against Kimmell.

 

 The appeal is dismissed for want of prosecution.


[Before Justices Powers, Jones and Kidd]

Dismissed for Want of Prosecution on Appellee's Motion

Filed: June 3, 1992

[Publish]
1. Kimmell contends the district court erred in granting summary judgment because the assigned
trial judge allegedly never took his oath of office, Kimmell was not notified of the trial judge's
assignment to the cause, and other lawsuits were pending involving the same claims in the instant
cause. Kimmell apparently does not challenge the merits of the district-court summary judgment.
2. We are aware that the Republic of Texas adopted the common law of England by statute
effective on March 16, 1840. 1840 Repub. Tex. Laws, § 1, at 3, reprinted in 2 H.P.N. Gammel,
The Laws of Texas 1822-1897, at 177, 178 (Austin, Gammel Book Co. 1898) (since repealed and
reenacted as Tex. Civ. Prac. & Rem. Code Ann. § 5.001 (1986); see 1840 Repub. Tex. Laws,
§ 1, at 6-7, reprinted in 2 H.P.N. Gammel, supra, at 180-81 (since amended and repealed) (laws
formerly effective forty days after the adjournment of Texas Congress; Tex. Const. art. III, § 39
now provides that laws are effective ninety days after the adjournment of the legislature). Texas
was admitted into the Union on December 29, 1845, by virtue of a joint resolution of the United
States Congress. Calkin v. Cocke, 55 U.S. (14 How.) 227, 239 (1852); Act approved Dec. 29,
1845, 9 Stat. 108. The state government was not organized until February 16, 1846, and until
that time the government and laws of the Republic were in force to the exclusion of the state
government. Newby v. Haltaman, 43 Tex. 314, 314-15 (1875); see Tex. Const. of 1845,
art. XIII, §§ 1-2, 6, 10. The Common Law Court of the Republic of Texas, therefore, could only
have existed between March 16, 1840, and February 16, 1846. We are confused, however, by
the presence of a ZIP code on the common-law court's file mark, because the Post Office
Department's Zone Improvement Program only began in the early 1960s as a result of the Postal
Policy Act of 1958, P.L. 85-426, 72 Stat. 134.